Richard A. MADER and Ena F. Mader,
Appellants (Defendants below),

v.

Gladys STEPHENSON, Appellee
(Plaintiff below).

Gladys STEPHENSON, Appellant
(Plaintiff below),

v.

Richard A. MADER and Ena F. Mader,
Appellees (Defendants below).

Nos. 4106, 4086.

Supreme Court of Wyoming.

Oct. 24, 1972.

Wade Brorby, Gillette, for Richard A. Mader and Ena F. Mader.

David B. Kennedy, Burgess, Kennedy & Davis, Sheridan, William D. Omohundro, Buffalo, for Gladys Stephenson.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

McINTYRE, Chief Justice.

The district court entered judgment in favor of Gladys Stephenson, plaintiff, quieting title to lands lying within her fence. The fence, for more than twenty years, had served as a party fence between plaintiff and the defendants, Richard A. Mader and Ena F. Mader. Defendants have appealed.

It is the claim of defendants that the fence between their lands and those of the plaintiff is not on the true property line; and that the fence encroaches upon the defendants, fencing them out of several acres of land which actually belong to defendants according to a correct survey and the true party line. The judgment of the district court, however, is based on adverse possession by the plaintiff of all lands lying on her side of the fence.

Appellants do not deny plaintiff's possession for more than the statutory period of time necessary for adverse possession. Instead they contend:

1. Plaintiff's possession has not been *hostile* nor under *claim of right* because plaintiff has always claimed only to the true boundary line.

2. The existing fence was a fence of convenience and not a boundary line fence.

We fail to find in the record any evidentiary support for either of appellants' two contentions. At least, there was ample evidence for the trier to find Mrs. Stephen-

son, at all times during her ownership and possession of the lands in her ranch, claimed to own everything up to and even three feet beyond the fence. Also, the evidence was such that the trier was amply justified in finding the fence in question was a party line fence and not a "fence of convenience." Thus, even if plaintiff's evidence may have been contradicted in some respects, we will not retry the case or disturb findings of fact by the trial court.

Regarding the first of the contentions made by appellants, it is undisputed that the fence was constructed more than twenty years ago, prior to the time plaintiff acquired her lands and prior to defendants' purchase of their lands. Nobody at the trial seemed to know who had built the fence or when. In any event, it is not disputed plaintiff had always occupied and used all of the lands on her side of the fence; and the Maders had always occupied and used all of the lands on their side of the fence. There is no evidence that defendants ever challenged or disputed plaintiff's ownership and possession of all lands on her side of the fence, until the controversy which caused the present litigation arose.

Mrs. Stephenson testified she thought perhaps her father had built the fence; that it was his habit to set fences three feet inside of his property lines; and therefore she always supposed the true boundary was three feet outside of her fence.

Of course, if Mrs. Stephenson honestly thought she owned three feet more than she had fenced, she never did anything toward possessing or laying claim to the three feet. The judgment of the district court recognized no rights on her part to the three feet and we need not be concerned with that matter. The evidence was clearly sufficient to show plaintiff claimed to the fence at least. Her possession (up to the fence) was actual, open, notorious, hostile, and adverse to her neighbors and to all the world.[1] The court so found and the de-

fendants failed to establish anything to the contrary. In fact, they offered no evidence to the contrary.

A landmark case in this jursdiction on the matter of adverse possession is City of Rock Springs v. Sturm, 39 Wyo. 494, 273 P. 908, 915–916. In that case Justice Blume spoke clearly and with good authority when he said:

"* * * it is a reasonable rule that, when a man has occupied a piece of ground, though under a mistaken belief as to the true boundary, for the period prescribed by law, openly, notoriously, exclusively, and in a manner plainly indicating that he acted as owner thereof, the presumption should be, in the absence of explanatory circumstances showing the contrary, that he occupied the land adversely and under a claim of right, casting the burden of explaining such possession upon the person who disputes his right."

Regarding the second of the contentions urged on behalf of appellants, reliance is placed on Johnson v. Szumowicz, 63 Wyo. 211, 179 P.2d 1012, 1017–1018 and State v. Vanderkoppel, 45 Wyo. 432, 19 P.2d 955, 957. Of the *Johnson* case, counsel for appellants has explained that the true line passed over rough terrain making fencing difficult. Counsel then state, it was understood that a fence of convenience would be built and not on the true line.

Therein, of course, lies the difference between the facts in the *Johnson* case and the facts in the case now before us. There is an absence of proof in the instant case that the fence in question was built as a fence of convenience; and certainly appellants cannot claim conclusive proof that the fence was built as a fence of convenience, with the parties knowing and agreeing that it was for convenience and not on the true line.

Also, in the *Vanderkoppel* case the individual who built the fence testified it was

---

1. See Stock v. Roebling, Wyo., 459 P.2d 780, 784; White v. Wheatland Irrigation District, Wyo., 413 P.2d 252, 260; and Amerada Petroleum Corporation v. Rio Oil Company, D.C.Wyo., 225 F.Supp. 907, 913.

built as a matter of convenience and that he intended to move the fence to the true line when it was known. The court commented that existence of a division fence does not alone show the requisite facts, for it may only be for convenience of the parties. The court then pointed out the need for notice or knowledge of the claim of the other party.

We have already pointed out that the possession of Mrs. Stephenson over all the land on her side of the fence was actual, open, notorious, hostile, and under claim of ownership and right. Thus, the Maders had ample notice and knowledge of Mrs. Stephenson's claim. Accordingly, the *Vanderkoppel* case has no more application to the facts in the case we are dealing with than does the *Johnson* case.

The trial court in the present case found, as a matter of fact, that the fence between plaintiff and defendants was a boundary line fence and not a fence of convenience. The evidence clearly supports such a finding because Mrs. Stephenson testified she had always intended the fence here involved to be her property line and that she had always exercised ownership of the land on her side of the fence. No one testified to any understanding that the fence was not to be a boundary line fence when built.

### Damages

■ Mrs. Stephenson claimed damages which resulted when the defendants started to tear down the existing fence and bulldozed a strip on plaintiff's side for a new fence. The court ordered defendants to construct a similar fence along the portion of the old fence which had been destroyed and allowed plaintiff actual damages of $1.00 and punitive damages of $1.00. The plaintiff has appealed on the matter of damages.

Of course, the land over which the bulldozer had gone was not itself destroyed. There may have been some damage to some sagebrush, trees, and native grass; but there was no proof with respect to the amount of crop damage. Since the fence

was ordered rebuilt, no damages other than nominal were proved. Therefore, plaintiff's appeal has no merit.

It also appearing from what we have said above that the facts do not support either of the two contentions made in the appeal on behalf of the Maders, the judgment of the district court should be affirmed in all respects.

Affirmed.

GUTHRIE, J., not participating.