Richard F. OVERCAST, Appellant (Defendant below),

v.

Richard D. BALDWIN, Appellee (Plaintiff below).

No. 4509.

Supreme Court of Wyoming.

Jan. 9, 1976.

Larry L. Jorgenson, King & Jorgenson, Jackson, signed the brief and appeared in oral argument on behalf of appellant.

Robert B. Ranck, Ranck & Bommer, Jackson, signed the brief and waived oral argument on behalf of appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

By a written contract the defendant-appellant agreed to build a home for plaintiff-appellee for $20,000.00, including the basement. At the conclusion of the construction, defendant furnished plaintiff with a written warranty covering " * * * any work found to be defective in workmanship or materials * * *." The walls of the basement of the home started to crack and would have collapsed and dropped the house if plaintiff had not employed someone else to restore them and place the structure on an adequate foundation.

■ The defendant claimed he had only signed the contract and warranty as an accommodation in order that plaintiff could obtain financing and he was only to furnish a prebuilt modular home, installed on a basement foundation furnished by the owner.

The only written agreements show clearly that he was the contractor and the foundation basement was to be subcontracted and included in the $20,000.00 price. The testimony was in conflict. The trial judge specifically found in his oral ruling following trial that the defendant was responsible under the warranty, as the prime contractor, for the work of the subcontractor and he was paid an additional sum of money to be the general contractor. The evidence shows that the construction was defective and the fault of the subcontractor.

■ We do not rewrite clear contracts. *Younglove v. Graham and Hill,* Wyo.1974, 526 P.2d 689, 692. As said in *Hendrickson v. Heinze,* Wyo.1975, 541 P. 2d 1133, 1134, and the cases there cited and referred to:

" ' * * * We must assume that evidence in favor of the successful party is true, leave out of consideration entirely evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. * * * ' "

After a careful review of the record, we can find no error. Defendant is liable to the plaintiff for costs of repair in accordance with the trial court's money judgment.

Affirmed.