Fay ALEXANDER and Irene Alexander, husband and wife, Appellants (Defendants below),

v.

Darnell W. KADOLPH and Doris M. Kadolph, husband and wife, Appellees (Plaintiffs below).

Darnell W. KADOLPH and Doris M. Kadolph, husband and wife, Appellants (Plaintiffs below),

v.

Fay ALEXANDER and Irene Alexander, husband and wife, Appellees (Defendants below).

Nos. 4690, 4691.

Supreme Court of Wyoming.

April 5, 1977.

Elmer J. Scott, Worland, for Fay Alexander and Irene Alexander.

John W. Davis, Worland, for Darnell W. Kadolph and Doris M. Kadolph.

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

The defendants below, Fay Alexander and Irene Alexander, husband and wife, appeal a judgment of the Washakie County District Court quieting in Darnell W. Kadolph and Doris M. Kadolph, husband and wife, plaintiffs below, the title to a small parcel of disputed land. By cross-appeal, the Kadolphs challenge the denial by the district court of their application for costs of an exhibit under Rules 36 and 37(c), W.R.C.P. The action of the district court is affirmed.

The land in question is located near Ten Sleep, Wyoming, in the Ten Sleep Canyon. It is bounded by a surveyed Tract No. 8–6 on the south, old U.S. Highway 16 on the west, and Ten Sleep Creek on the east.

The entire area around and including the land involved was formerly owned by one Tony Drone. In June, 1951, he conveyed Tract 8–6 to R. G. and Ica M. Chenoweth. (Mr. Chenoweth is now deceased and Ica M. Chenoweth is now Ica M. Haley.) In December, 1962, the Chenoweths conveyed Tract 8–6 to Mr. and Mrs. Kadolph. In 1971, Tony Drone conveyed the strip of land in question to Dale and Mary Ann McGarvin. Then, in 1974, the McGarvins conveyed the westerly portion of the strip to Mr. and Mrs. Alexander.

At the time of the purchase by the Chenoweths from Drone, U.S. Highway 16 was located in a different position than it is now. At trial Mrs. Chenoweth-Haley testified that when she and her husband purchased their property from Drone, they believed the contested area was included and that there was a strictly-controlled access to it from a gate in the highway fence as it then existed. They believed the old highway fence to be their boundary and that they controlled everything behind it. Initially they erected a cabin and outhouse, the outhouse later being replaced by a septic tank and sewer system. Trees, flowers and bushes were planted and a pump house and sprinkler system added. They garishly dec-orated the gate in the highway fence with old wagon wheels and built a fish pond near the cabin. A wagon-wheel fence was placed along Ten Sleep Creek. When the new highway was constructed a little west of the old road, a new highway fence was erected and Mrs. Chenoweth-Haley testified that she and her husband moved their large entrance gate to the new fence. In this newly-vacated area a ditch and water line were installed and trees planted.

The Kadolphs were on the property involved several times before purchasing it in December, 1962. Mr. Kadolph testified that at the time of purchase he considered the new highway fence a visible property boundary which strictly controlled the access to their property behind it, including the parcel here in question. He testified that they have used the area for various purposes, including the installation of a large semi-permanent propane tank.

On appeal, the Alexanders contend that the facts as presented at trial concerning the use of the property involved by either the Chenoweths or the Kadolphs are not sufficient to support the trial court's judgment establishing title.

The evidence presented was both voluminous and conflicting. Both parties presented evidence to support their respective positions as to whether or not the property had been used openly, notoriously, exclusively, and in a manner plainly indicating that they had acted as owners thereof. *City of Rock Springs v. Sturm,* 39 Wyo. 494, 517, 273 P. 908, 915–916 (1929). The trial court's judgment reflects its decision that the Kadolphs' evidence supporting adverse possession was more convincing. Conflicts in testimony are for the trial courts to resolve. *Shaw v. Shaw,* Wyo., 544 P.2d 1004; *Isaac v. Isaac,* Wyo., 406 P.2d 898. And in a case such as this where the evidence is conflicting or when there is evidence to sustain the trial court's finding, this court will not interfere with that finding unless it is clearly erroneous or so totally against the evidence or great weight thereof as to be manifestly wrong. *Bruch v. Benedict,* 62 Wyo. 213, 165 P.2d 561.

After consideration of the evidence as it appears most favorable to the Kadolphs, the successful parties, along with any inferences which spring therefrom (*LeBar v. Haynie,* Wyo., 552 P.2d 1107, and *Overcast v. Baldwin,* Wyo., 544 P.2d 464), our conclusion can and must be that the finding of the trial court is adequately supported by sufficient evidence establishing adverse possession in the Kadolphs and the decision that title has been acquired by the Kadolphs must be and is affirmed.

By way of cross-appeal, the Kadolphs assert the trial court's denial of their Application for an Order for the Payment of Expenses for costs of an exhibit under Rule 37(c), W.R.C.P., is error. Their Application alleged that because of Alexanders' refusal to admit, under Rule 36, W.R.C.P., the location of certain items on the disputed land, they were improperly forced to have surveys made and a map prepared for an exhibit at trial. The assessment of costs under Rule 37(c), F.R.C.P., the parent rule to Rule 37(c), W.R.C.P., is a flexible matter and any decision on such an assessment lies wholly within the discretion of the trial court, being reviewable only for abuse. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2284. We see no reason for not having the same standard apply here. The Kadolphs having made no showing of abuse by the trial court, the denial of their application is affirmed.

The district court's Judgment and Decree, and its Order denying Kadolphs' Application for an Order for the Payment of Expenses are affirmed.

Affirmed.