William S. GRAY and Robert J. Gray,
Appellants (Plaintiffs below),

v.

Gordon M. FITZHUGH and Mary C. Fitzhugh, Appellees (Defendants below).

No. 4815.

Supreme Court of Wyoming.

March 17, 1978.

J. Patrick Hand, Hand, Hand & Hand, Douglas, signed the brief and also appeared in oral argument with Robert J. Reese, senior law student, University of Wyoming, Laramie, on behalf of the appellants.

Frank J. Jones, Wheatland, signed the brief and appeared in oral argument on behalf of the appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

In this case, plaintiffs-appellants appeal from the denial by the district court of their claim for damages as well as their request for establishment of easements or title by adverse possession to certain lands owned of record by defendants-appellees. We shall affirm.

The controversy arose when defendants initiated construction of a pond and recreational development on one of three tracts of land located in the SW ¼ SW ¼ of Section 35, Township 31 North, Range 69 West of the 6th P.M., Converse County, Wyoming. All three tracts are traversed by irrigation laterals used by plaintiffs to irrigate adjoining land about which there is no dispute.

Following an ex parte hearing, a temporary restraining order was issued prohibiting defendants from interfering with the ditches on the land in question. At a subsequent hearing, a preliminary injunction was issued, prohibiting further interference until questions of title and claims of adverse possession and prescriptive easements had been settled.

At trial, four years later, it was established, through direct testimony, as well as reference to the transcript of the preliminary injunction hearing (made a part of the record by stipulation),[1] that for about as long as anyone could remember, the tracts in question had been used by plaintiffs for grazing and hay operations. Additionally, it was further established that record title to the tracts, along with other large areas, had been acquired by the defendants in 1958 from a Mrs. Stemler, and that at least as concerned the period of defendants' ownership, the plaintiffs' use of the lands had been by permission, based on an unwritten "neighborly" agreement for exchange of use of certain lands separated from their respective owners' major holdings by a closely-paralleling railroad-highway corridor. Plaintiffs were permitted use of certain of defendants' land east of the corridor in exchange for use by defendants of certain lands of plaintiffs west of the corridor.

Based on these findings, the district court held that the plaintiffs had not sustained their burden of showing adverse hostile use sufficient to create either ownership of easements or title by adverse possession, while defendants had shown the use to be permissive. Plaintiffs assert such findings were erroneous.

■ We hardly need to repeat the standing appellate rule that on appeal, we examine the evidence in a case resolved by trial in a light most favorable to the prevailing party and resolve all conflicts in evidence for the appellee. *P and M Cattle Company v. Holler*, Wyo.1977, 559 P.2d 1019; Appeal

---

1. Rule 65(a)(2), W.R.C.P., provides that evidence received upon application for a preliminary injunction, which would be admissible upon the trial on the merits, becomes part of the record on trial.

and Error, West's Wyoming Digest ▌ and 989. We do so, however, because the plaintiffs, in their appeal, depend upon our taking a different view of the evidence than the trial judge. We frankly have no difficulty at all with the trial court's judgment because the preponderance of the evidence so strongly favors the defendants and any judgment contrary to that entered would have presented to us a genuine problem.

▌ In order to establish title through adverse possession of real estate, the possession must be "with the intent" to assert such adverse claim against the true owner, thus the intention of the parties involved, most often is controlling, *Bryant v. Cadle*, 1909, 18 Wyo. 64, 86, 104 P. 23, 27, modified on rehearing, 18 Wyo. 95, 106 P. 687, with doubtful situations to be submitted to the trier of facts. The intention may be established by words or acts. *City of Rock Springs v. Sturm*, 1929, 39 Wyo. 494, 273 P. 908, 97 A.L.R. 1. In the situation here, rather than establishing any intent on the part of plaintiffs to claim title to the disputed land, the evidence presented reflects exactly the contrary. The plaintiffs, in both their original complaint as well as by testimony at the preliminary injunction hearing, admitted defendants' ownership in the land in question.[2] It was not until the trial of this cause that the plaintiff-husband

asserted ownership, and even then he admitted that such position involved a change of mind.[3] In point of fact, the testimony of record establishes quite definitely that plaintiffs' use of the land in question was permissive, as part of a neighborly accommodation between themselves and appellees brought about as a matter of convenience because of the unusual positioning of the parcels involved, caused by the railroad-highway corridor, creating a barrier to access by each of the owners to their own land. The exchange of use was a decided convenience for all owners. *Johnson v. Szumowicz*, 1947, 63 Wyo. 211, 179 P.2d 1012. Under the facts appearing from the evidence, no notice of hostility was given until at least the commencement of the action below, and only then could the period necessary for adverse possession begin to run. Obviously, no adverse possession has been established, and the district court did not err in so holding.

In an answer to an interrogatory, plaintiff-Gray stated that the exchange of land use was entered into "in order to be neighborly". This court has spoken out in that regard. In *Coumas v. Transcontinental Garage*, 1951, 68 Wyo. 99, 230 P.2d 748, 41 A.L.R.2d 539, a party-wall case, Justice Blume had occasion to observe, in dealing with a claim arising out of permissive use

---

2. The complaint originally filed by plaintiffs against defendants, alleged, in part, under the first cause of action, paragraph 2:

> "2. *Defendants are the owners of the following property*, subject to the rights, uses, easements and rights-of-way or interests of Plaintiffs as described in paragraph 1. above:
>> "<u>TWP 31 N., RGE 69 West of 6th P.M.</u>
>> "Section 35: SW1/4SW1/4;"

(Emphasis added.)
Additionally during the preliminary hearing held October 27, 1972, the following testimony was given by plaintiff-husband in response to questioning by his own counsel:

> "Q. Okay, there is a part of this Section thirty-five that is marked with green and sort of a yellowish hash mark that belongs to Robert Gray, one of the Plaintiffs; are you familiar with that land?
> "A. Yes.
> "Q. *The southwest corner of the southwest quarter is marked with a red mark and Mr. Fitzhugh owns that property, is that right?*

> "A. *Yes*."

(Emphasis added.)

3. Upon cross-examination by appellees' counsel at the trial of the matter, four years later, plaintiff-husband testified as follows:

> "Q. Did you know that you were using lands laying [sic] east of U.S. 87, belonging to Mr. Fitzhugh, in 1972?
> "A. Well I became aware of it.
> "Q. When did you first become aware of it?
> "A. At our Court action in September.
> "Q. You didn't know it prior to that time?
> "A. No, not exactly.
> "Q. *You are saying that you thought you owned those lands?*
> "A. *Yes.*
> "Q. *And that is contrary to your testimony given here four years ago, is that correct?*
> "A. *Well, it probably is.*"

(Emphasis added.)

of a party-wall, that no prescriptive right arises, "[t]o hold otherwise would be to adjudge that common neighborliness may only be indulged under penalty of encumbering one's property." It was noted in *Clarke v. Clarke*, 1901, 133 Cal. 667, 66 P. 10, that it would be a blot upon the law to permit the kindness of neighborly conduct to raise the danger of an adverse title to be thereby successfully set up.

 We cannot avoid mentioning that one of the plaintiffs had testified, in 1972, in an unrelated condemnation action[4] brought by the Wyoming state highway commission, that the land in question here was owned by the defendants and that plaintiffs had the use of it on a "[d]ay-to-day basis." The arrangement, according to him, was that, "I used this property of Mr. Fitzhugh's and he uses this property of mine" and it had been like that without any written agreement ever since 1965. The plaintiffs were thus bound by the doctrine of judicial estoppel which prohibits a litigant from playing fast and loose with the courts; a party will not be allowed to maintain inconsistent positions in separate judicial proceedings. Plaintiffs' testimony in the previous action is the very highest order of evidence against them and is entitled to judicial sanctity. *Allen v. Allen*, Wyo.1976, 550 P.2d 1137.

Under the same reasoning and authority which negates plaintiffs' claim of adverse possession, their attempt at establishing the prescriptive easement for the irrigation laterals must fail as well. Prescriptive rights and easements are not favored in law, thus entry into possession of another's property is presumed to be with permission and in subordination of the true owner's rights, absent a clear assertion of hostility. *Roediger v. Cullen*, 1946, 26 Wash.2d 690, 175 P.2d 669. As discussed previously, it seems unobscured that the entry on and use of defendants' land by plaintiffs for irrigation laterals was clearly permissive, hostility only being apparent after the beginning of the instant litigation.

Finally, in their original action, plaintiffs demanded damages based upon interference with their possession or prescriptive easement. In light of our holdings that plaintiffs have established neither adverse possession nor any prescriptive rights, the actions taken by defendants were lawful, and thus could not give rise to any right to damages.

Affirmed.

---

4. Brought into the record through cross-examination of Mr. Gray, for impeachment of his testimony at trial.