Dale O. SNELL and Vivian A. Snell,
Appellants (Plaintiffs below),

v.

L. J. RUPPERT, Appellee (Defendant
below),

James E. More and Harriet I. More, hus-
band and wife (Defendants below).*

No. 4891.

Supreme Court of Wyoming.

Aug. 10, 1978.

Charles R. Spratt, Buffalo, signed the
brief and appeared in oral argument on
behalf of appellants.

William K. Archibald, Sheridan, signed
the brief and appeared in oral argument on
behalf of appellee.

* Not parties to this appeal.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

Since the earliest days of settlement and statehood, complaints and claims of adverse possession have occupied much of the time of the courts of Wyoming. Once again we are requested to grapple within that arena, this time through appellants-plaintiffs' questioning of the trial court's denial of their claim of title to a specified tract in Sheridan County, Wyoming. We shall affirm.

By warranty deed dated June 4, 1963, appellee-defendant acquired from James E. and Harriet I. More the southwestern portion of a bluff overlooking North Piney Creek near Story, Wyoming, the Mores having acquired title by warranty deed dated July 26, 1956, from Helen S. Rath. Soon after purchase, defendant found that he had no direct access to his isolated tract. After negotiations for a right-of-way across the property of an adjoining landowner, *Orvalle* Snell, plaintiffs' alleged predecessor in interest (also plaintiff Dale O. Snell's father), proved fruitless, defendant, pursuant to Sections 24-9-101 et seq., W.S.1977, petitioned for and was granted by the Sheridan County Commissioners, an access easement across the property of Snell, a grant ultimately upheld by this court, *Snell v. Ruppert*, Wyo.1975, 541 P.2d 1042. During the pendency of that action in October, 1975, *Orvalle* Snell quieted, by default judgment against Helen S. Rath, title to the tract in question.[1] Subsequently, by warranty deed dated January 27, 1976, *Orvalle* P. and Ellen E. Snell purported to convey title to this questioned tract to the plaintiffs, Dale O. and Vivian Ann Snell, their son and daughter-in-law. Based upon this paper "chain" of ownership, plaintiffs filed the quiet title action now under consideration.

■ The principles and requirements of adverse possession have been stated and discussed in Wyoming jurisprudence on numerous occasions, *Gray v. Fitzhugh*, Wyo. 1978, 576 P.2d 88; *Alexander v. Kadolph*, Wyo.1977, 562 P.2d 313; *Mader v. Stephenson*, Wyo.1972, 501 P.2d 1253; *White v. Wheatland Irrigation District*, Wyo.1966, 413 P.2d 252; *City of Rock Springs v. Sturm*, 1929, 39 Wyo. 494, 273 P. 908, 97 A.L.R. 1; *Bryant v. Cadle*, 1909, 18 Wyo. 64, 104 P. 23, modified on rehearing, 18 Wyo. 95, 106 P. 687, and in almost every case it has been the conclusion of this court that when a claim such as adverse possession, which is peculiarly factual in nature, is questioned on appeal, the decision of the trial court, because of its proximity to the witnesses and evidence involved, should be given considerable deference:

"And in a case such as this where the evidence is conflicting or when there is evidence to sustain the trial court's finding, this court will not interfere with that finding unless it is clearly erroneous or so totally against the evidence or great weight thereof as to be manifestly wrong." *Alexander v. Kadolph*, supra, 562 P.2d at 314.

While the situation herein falls clearly within the precepts of these prior holdings, and on such basis should be affirmed, there is one factor on which the trial court relied heavily and it thus deserves particular attention. We also consider it of utmost significance.

■ To fulfill the ten-year statutory period mandated as an element of adverse possession, Sec. 1-3-103, W.S.1977,[2] plaintiffs would be required to "tack" their brief period of possession with that of their

1. We cannot understand the object of the quiet title proceeding against Helen S. Rath. We understand why she permitted a default judgment because she neither had nor claimed any interest, having years before transferred her title to the Mores, defendant's grantors. Plaintiffs' immediate predecessors could gain nothing of value because Ms. Rath had nothing of value nor could plaintiffs build something of value from nothing of value.

2. Section 1-3-103, W.S.1977:

"An action for the recovery of the title or possession of lands, tenements or hereditaments can only be brought within ten (10) years after the cause of such action accrues."

predecessors in title, Orvalle P. and Ellen E. Snell. *Bryant v. Cadle*, supra. In so doing, however, plaintiffs must accept not only their predecessor's period of possession, but any infirmities attaching to it as well. *Tissino v. Mavrakis*, 1951, 67 Wyo. 560, 228 P.2d 106. In the situation at bar the infirmity which attaches is fatal. As a key element of adverse possession one is required to show by proof the continuous nature, for the statutory period, of his claim of right. *Bryant v. Cadle*, supra. In the situation at bar, through their posture in the previous easement action, plaintiffs' predecessors in interest interrupted the continuous nature of their adverse possession claim; the consequences now befall plaintiffs. When defendant petitioned the Sheridan County Commissioners for declaration of a private easement, he was required by the very nature of the action he was requesting to assert ownership in the specific tract herein involved. Section 24–9–101, W.S.1977.[3] In response to this assertion, the easement contestants, Orvalle and Ellen Snell, neither challenged defendant's ownership, nor asserted any claim of ownership of their own, but rather contended simply that the taking of their land to provide access for defendant was not "necessary." *Snell v. Ruppert*, supra. By failing to raise at this obviously appropriate juncture an assertion of ownership, plaintiffs' predecessors not only interrupted the continuous nature of their ownership claim, but erected as well the barrier of judicial estoppel to any future assertion of ownership by themselves or their successors in interest, the plaintiffs herein. One cannot blow hot and then cold on the same point in separate judicial proceedings. *Allen v. Allen*, Wyo. 1976, 550 P.2d 1137; *Gray v. Fitzhugh*, supra; *Tissino v. Mavrakis*, supra. In effect, the former proceedings quieted title in the defendant as far as plaintiffs are concerned.

Such an estoppel result may well be particularly appropriate in the situation at bar in light of the fact that plaintiffs and their predecessors in interest, as revealed by the record, are closely related by blood and marriage.

█ Finally, we are not concerned, as plaintiffs urge we should be, that the matter of judicial estoppel was relied upon by the trial court although not pleaded by the defendant. This court, as well as the trial court, and for that matter any court, is charged with a duty to protect judicial integrity and prohibit dealing lightly with court proceedings. Even assuming arguendo the doctrine had not been relied upon by the trial court, this court would still be at liberty to dispose of the action upon such a basis on appeal. Judicial estoppel may be imposed by a court at any stage of the proceedings. *Allen v. Allen*, supra. We can perceive no error.

Affirmed.

ROSE, Justice, specially concurring, with whom McCLINTOCK, J., joins.

I would agree that the district court judgment must be affirmed—the appellants simply failed to establish the required elements of adverse possession. As stated by the district court, the appellants

> "did not make use of said tract in such open, notorious and exclusive manner as to establish their right to the property by adverse possession . . . ."

I would also agree that appellants' or their predecessors' failure to assert their ownership of the subject property is evidence in support of that conclusion. Having disposed of the appeal on that ground, I fail to see why it is necessary to enter into a discussion of the doctrine of judicial estoppel. Generally, the Supreme Court will not

---

3. Section 24–9–101, W.S.1977, in pertinent part provides:

> "Any person *whose land* shall be so situated that it has no outlet to, nor connection with a public road, may make application in writing to the board of county commissioners of his county at a regular session, for a private road leading from *his premises* to some convenient public road. * * *" (Emphasis added.)

discuss or decide contentions not requisite to adjudication of the case. *Chicago & N. W. Ry. Co. v. City of Riverton*, 70 Wyo. 84, 247 P.2d 660; *Druley v. Houdesheldt*, 75 Wyo. 155, 294 P.2d 351, reh. den. 296 P.2d 251; and *Wallace v. Casper Adjustment Service*, Wyo., 500 P.2d 72. I see no valid reason to stray from that policy in this case.

Finally, for the reasons stated in my dissent to the majority decision in *Allen v. Allen*, Wyo., 550 P.2d 1137, I cannot join in an opinion which asserts, even in dicta, that this court can reach the issue of judicial estoppel even though it was not raised or relied upon below.