**OPAL MERCANTILE, formerly doing business as Big Piney Implement, Appellant (Plaintiff),**

v.

**Robert J. TAMBLYN, Appellee (Defendant),**

**Westside Implement, Inc., a/k/a West Side Implement and Hardware, Inc., (Defendant).**

**No. 5307.**

Supreme Court of Wyoming.

Sept. 4, 1980.

Lawrence B. Hartnett of Jorgenson, Vaughn & Hartnett, Jackson, Wyoming, appeared on behalf of appellant.

William H. Jackson, Pinedale, Wyoming, appeared for appellee, but was not permitted to argue the matter inasmuch as a timely-filed brief was not submitted.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-plaintiff brought an action against appellee-defendant Robert J. Tamblyn and against Westside Implement, Inc., a/k/a West Side Implement and Hardware, Inc. (hereinafter referred to as "Westside"), setting forth six claims for relief. Three of the claims were based on three insufficient fund checks of Westside, and the other three claims were based on amounts due from open accounts. Westside did not answer the complaint, and a default judgment was taken against it in the amount of $63,-497.52 with interest and costs. Appellant contended that the corporate entity of Westside be disregarded and that appellee-defendant be held personally liable for the debts of Westside. Appellee is the sole director, officer and stockholder of Westside.

After a trial to the court, judgment was again entered against Westside—this time for $63,507.52 together with interest and costs, and appellant's complaint against appellee was dismissed on its merits with appellant to take nothing on it against appellee.

We affirm.

The pertinent facts of this case are as follows under the oft-repeated standard that:

"'* * * We must assume that evidence in favor of the successful party is true, leave out of consideration entirely evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. * * *'" *Peters Grazing Association v. Legerski*, Wyo., 544 P.2d 449, 455 (1975); *Overcast v. Baldwin*, Wyo., 544 P.2d 464, 465 (1976).

"When the specific findings of fact are made by the trial court on evidentiary matters, they are presumed to be correct, and an appellate court will not disturb them unless they are clearly erroneous or against the great weight of the evidence. * * * *" *Shores v. Lindsey,* Wyo., 591 P.2d 895, 899 (1979).

Frank Sears had been in the farm implement business for thirty years. He was in charge of operating appellant corporation for twenty years. He was a stockholder and officer of appellant corporation. He was knowledgeable of corporation attributes. As found by the trial court, he acted for and on behalf of appellant through all matters relevant to this case, and he was a "sophisticated, knowledgeable businessman and knew, or should have known, at all times that he was dealing with Westside Implement, Inc." Sears and appellee had business dealings for about ten years. Sears knew that Westside was in financial trouble and about to fail as a business when he made appellee his sales representative and began the relationship which spawned this lawsuit. Under the understanding between appellee and appellant, Westside sold farm machinery for appellant in Pinedale, remitting the amount of the factory invoices and certain costs to appellant on items sold. Westside also maintained open charge accounts with appellant. Sears knew that the three checks of Westside upon which three of the counts of the complaint were based would not clear the bank at the time they were issued. He was to hold them until notified by appellee to process them. Sears had accepted many insufficient fund checks from appellee over the past few years. Sears was knowledgeable of the background and financial position of appellee and of Westside, but he did not take the precaution usually taken to obtain the personal guarantee or endorsement of the corporate officers or directors for obligations of a corporation, the responsibility of which is questionable. Sears testified that he did not think appellee was dishonest, and, as found by the trial court, there was no showing that appellee acted in bad faith.

Ordinarily, a corporation is a separate entity distinct from that of individuals comprising it. *State ex rel. Christensen v. Nugget Coal Co.,* 60 Wyo. 51, 144 P.2d 944 (1944); *Durlacher v. Frazer,* 8 Wyo. 58, 55 P. 306 (1898). This is true although all or a majority of the stock is owned by a single individual. *Durlacher v. Frazer,* supra; *W. D. Miller Lumber Corporation v. Miller,* 225 Or. 427, 357 P.2d 503 (1960). However, in an appropriate case and in furtherance of public policy or the ends of justice, the doctrine will be disregarded. *Peters Grazing Association v. Legerski,* supra; *State ex rel. Christensen v. Nugget Coal Co.,* supra; *Caldwell v. Roach,* 44 Wyo. 319, 12 P.2d 376 (1932). In these cases, we have disregarded the separate entity doctrine where the application of the doctrine would serve to allow an evasion of an obligation created prior to the existence of the corporation, or where such application would void the defenses which a maker of a note would have against a corporate payee because the owner of the corporation claimed to be a holder in due course by virtue of his endorsement thereon.

We are not limited to these instances as being the only circumstances in which we will disregard the separate entity doctrine, but we do not find the circumstances of this case to require the doctrine to be disregarded in furtherance of public policy or the ends of justice. The obligations here involved came into being long after Westside became a corporation. Appellant was aware of its corporate status, and such was evidenced on the checks themselves. Fraud was not evidenced, as indicated by Sears' testimony to the effect that he believed appellee to be honest.

Each case involving the disregard of the separate entity doctrine must be governed by the special *facts* of that case. And, of course, determinations of fact are within the province of the trier of facts. *Aetna Casualty and Surety Company v. Stover,* 8th Cir. 1964, 327 F.2d 288; *H. A. S. Loan Service v. McColgan,* 21 Cal.2d 518, 133 P.2d 391 (1943). The trial court did not find the facts which would be necessary to cause it

to disregard the corporate entity. There was sufficient evidence to support the facts found by it, and they are not clearly erroneous or against the great weight of the evidence. We do not find error in the conclusions drawn by it from such facts.

Affirmed.