Angelo FARELLA and Tony J. Farella, Appellants (Defendants),

v.

Raymond J. RUMNEY and Betty Anna Rumney, Appellees (Plaintiffs).

No. 5665.

Supreme Court of Wyoming.

July 23, 1982.

Gordon W. Schukei of Whitley & Schukei, Newcastle, for appellants.

Richard J. Macy and Alan Jay Harper (argued) of Macy & Harper, Sundance, for appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellees-plaintiffs brought an action against appellants-defendants to quiet title to a piece of property for which they, appellees, hold record title. Appellants counterclaimed, asserting ownership to a portion of that property by adverse possession. Following a trial to the court, judgment was entered for appellees. On appeal, appellants contend, in effect, that they established the necessary elements of adverse possession and that the trial court erred in denying their counterclaim.

We do not agree with this contention and accordingly affirm.

Appellants and appellees own adjoining land in the northwest quarter of Section 29, Township 46 North, Range 61 West of the 6th P.M., in Weston County. Appellants are the record owners of the north half of that quarter section. Appellees are the record owners of the south half of that quarter section. Both appellants and appellees trace their ownership to a common owner who divided and sold the land in 1959. The area in dispute is summer livestock grazing land in the south half of the quarter section, adjacent to the north half of it, and land owned, according to the record, by appellees with the eastern, southern and western boundaries partially marked by two fences and a canyon rim. The diagram attached as Appendix provides a graphic representation of the area, the shaded portion being the area in dispute.

The bulk of the testimony at trial concerned the use of the area in dispute and, more specifically, whether or not the two fences and canyon rim enclosed that area. Appellants' and appellees' evidence conflicted on these points. However, both appellants and appellees testified that they or their predecessors in interest had used the area in dispute during the summer grazing seasons since 1959.

■ Our review of the evidence is governed by the following standards:

" * * * [W]hen a claim such as adverse possession, which is peculiarly factual in nature, is questioned on appeal, the decision of the trial court, because of its proximity to the witnesses and evidence involved, should be given considerable deference:

" 'And in a case such as this where the evidence is conflicting or when there is evidence to sustain the trial court's finding, this court will not interfere with that finding unless it is clearly erroneous or so totally against the evidence or great weight thereof as to be manifestly wrong.' *Alexander v. Ka-*

*dolph,* supra, 562 P.2d at 314." *Snell v. Ruppert,* Wyo., 582 P.2d 916, 917 (1978).

We accept as true the evidence of the successful party, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give the evidence of the successful party every favorable inference which may fairly and reasonably be drawn therefrom. *Johnson v. Aetna Casualty and Surety Company of Hartford,* Wyo., 630 P.2d 514, 515 (1981); *Madrid v. Norton,* Wyo., 596 P.2d 1108, 1117 (1979).

■ The elements of adverse possession consist of actual, open, notorious, exclusive, and continuous possession of another's real property for the statutory period, which possession is hostile and under a claim of right or color of title. *Shores v. Lindsey,* Wyo., 591 P.2d 895, 898 (1979); and *City of Rock Springs v. Sturm,* 39 Wyo. 494, 273 P. 908, 910, 97 A.L.R. 1 (1929). These elements must exist for at least ten years prior to the commencement of an action affecting title to or possession of the property. Section 1–3–103, W.S.1977. The adverse claimant has the burden of proving the existence of these elements for the statutory period. *Shores,* supra, 591 P.2d at 901–902.

■ In Shores, supra, we recognized the legal principle that the pasturing of livestock during the growing season within a substantial enclosure can be sufficient to establish the elements of adverse possession.

"If the evidence in a case shows that substantially enclosed land suitable for grazing is occupied and used for that purpose in each year during the full period of the growing season, the presumption should be that the claimant occupied the land adversely and under a claim of right. The record here is devoid of any explanatory circumstances, which would negate the *presumption of adverse possession established by the undisputed evidence of defendants' exclusive and con-*

*tinuous possession of the disputed strip up to the fence line for the statutory period.* As a result, defendants did meet their burden of proving title thereto by adverse possession. \* \* \* " (Footnote omitted and emphasis added.) *Shores, supra,* 591 P.2d at 902.

It is this legal principle upon which appellants rely.

■ However, unlike Shores, supra, the evidence in this case of appellants' exclusive and continuous possession of the area is in dispute. Appellees presented evidence that the fence in the canyon (fence A on diagram) had never extended across the canyon and would not contain cattle; that the fence running to the canyon rim (fence B on diagram) had been in disrepair and would not contain cattle until appellees repaired it in 1972 and 1979 (the 1972 repair was stopped by appellees before the fence was extended to the property line between appellants' and appellees' property, but was so extended by appellees in 1979); that it did contain cattle from 1979 until 1981 when appellants took down the portion of the fence which appellees erected in 1979; and that cattle were always free to move down into the disputed portion of the canyon (1) by traversing the west rim, (2) from the south past the fence in the canyon, and (3) from the eastern portion of the canyon area not in dispute. Accepting as true the evidence of the appellees, and leaving out of consideration entirely the evidence of appellants in conflict therewith, it is apparent that the appellants were not in exclusive and continuous possession of the area in dispute for the statutory period. Appellees and their predecessors in interest used the land in dispute during the summer grazing seasons. The west canyon rim together with existing fences would not contain cattle. We cannot say that the trial court's judgment " ' \* \* \* is clearly erroneous or so totally against the evidence or great weight thereof as to be manifestly wrong.' " *Snell, supra,* 582 P.2d at 917.

Affirmed.

APPENDIX