**MGTC, INC., a Wyoming corporation, Appellant (Plaintiff),**

v.

**NORTHERN UTILITIES, INC., a Wyoming corporation, and Northern Gas Company, a Wyoming corporation, Appellees (Defendants).**

No. 86–244.

Supreme Court of Wyoming.

March 6, 1987.

Richard Barrett and Rick A. Thompson of Hathaway, Speight, Kunz, Trautwein & Barrett, Cheyenne, for appellant (plaintiff).

J. Nicholas Murdock of Reeves & Murdock, Casper, Robert L. Morris and P. Kathleen Lower, of Morris & Lower, Denver, Colo., and T.J. Carroll, Lakewood, Colo., for appellees (defendants).

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from an order granted in favor of appellees Northern Utilities, Inc. and Northern Gas Company against appellant MGTC, Inc., dismissing appellant's action. The district court dismissed the case finding appellant's action was barred by the statute of limitations, § 34-21–299.5, W.S.1977.

Appellant urges only one issue on appeal: "Did the district court err by failing to apply a statutory savings clause exception to the statute of limitations?"

We will affirm.

In August, 1969, appellant MGTC, Inc. (formerly McCulloch Gas Transmission Company), a Wyoming corporation, entered into a gas sales contract with appellee Northern Utilities, Inc., also a Wyoming corporation. This contract was later assigned to appellee Northern Gas Company, also a Wyoming corporation. In September 1974, all the shares of stock in Northern Utilities and Northern Gas were acquired by K–N Energy, Inc. (formerly Kansas-Nebraska Natural Gas Company), a Kansas corporation.

A dispute arose over the sales contract in 1974 and continued through 1979. In March 1980, appellant sued K–N in Wyoming federal district court alleging that K–N and its subsidiaries were alter egos and that K–N had breached the contract. The jurisdiction of the federal court was based upon diversity. Apparently appellant chose not to sue Northern Gas or its predecessor in interest, Northern Utilities, because this would destroy diversity and prohibit suit in federal court. K–N sought to join Northern Gas and Northern Utilities in the suit which appellant successfully opposed.

Suit in the federal district court in December 1981, resulted in a judgment for appellant. The court pierced the corporate veil between K–N and its subsidiaries and found K–N liable for the alleged contractual breach. Appeal to the 10th Circuit resulted in a reversal in favor of K–N on July 29, 1985. The appellate court found against appellant on the issue of whether the federal district court had properly pierced the corporate veil. The appellate court did not reach the merits of appellant's breach of contract action.

Appellant subsequently filed suit against Northern Gas and Northern Utilities in Wyoming district court on December 17, 1985. The district court held that the suit was barred by the statute of limitations, § 34-21–299.5, W.S.1977, which reads:

"(a) An action for breach of any contract for sale must be commenced within four

(4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

"(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

"(c) Where an action commenced within the time limited by subsection (1) [subsection (a)] is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six (6) months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

"(d) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this act * * * ."

The district court found that appellant failed to meet its burden of proving that appellant fell within the exception found in § 34–21–299.5(c) cited above. The court also found that there was not a sufficient identity of parties for appellant to prevail:

"The parties agree, that in order for plaintiff to fall within the exception, there must be an identity of parties in the two actions. The parties in this case are not identical with the party in the federal court action. A corporation is generally considered to be an entity separate from its shareholders. The issue in the federal court case was whether the corporate identity of Northern Utilities could be disregarded. The 10th Circuit held that it could not. Thus, Northern Utilities and Kansas-Nebraska Energy are separate entities and cannot be considered identical parties."

In determining whether the savings clause is applicable, it is generally recognized that there must be a substantial identity of parties between the original action and the subsequent action. 51 Am.Jur.2d Limitation of Actions § 318, pp. 820–821 (1970); and 54 C.J.S. Limitations of Actions § 293, pp. 362–363 (1948).

"Each case involving the disregard of the separate entity doctrine must be governed by the special *facts* of that case. And, of course, determinations of fact are within the province of the trier of facts. * * * " *Opal Mercantile v. Tamblyn, Wyo.,* 616 P.2d 776, 778 (1980).

We have previously recognized that ordinarily a corporation is a separate entity from its stockholders and the two must be considered separately. In *Kloefkorn-Ballard Construction and Development, Inc. v. North Big Horn Hospital District, Wyo.,* 683 P.2d 656, 661 (1984), we stated:

"Ordinarily, a corporation is a separate entity distinct from the individuals comprising it. *State ex rel. Christensen v. Nugget Coal Co.,* 60 Wyo. 51, 144 P.2d 944 (1944). This is true even though a majority of the corporate stock is owned by a single individual. *W.D. Miller Lumber Corporation v. Miller,* 225 Or. 427, 357 P.2d 503, 100 A.L.R.2d 376 (1960); and *Durlacher v. Frazer,* 8 Wyo. 58, 55 P. 306 (1898). Before a corporation's acts will be considered to be those of a specific stockholder, it must be made to appear that the corporation is not only influenced and governed by that stockholder, but that there is such a unity of interest and ownership that the individuality or separateness of the corporation and stockholder has ceased. See *AMFAC Mechanical Supply Co. v. Federer,* supra; and *Arnold v. Browne,* 27 Cal. App.3d 386, 103 Cal.Rptr. 775 (1972). The facts of each case involving the disregard of a corporate entity must lead us to the conclusion that adherence to the separate existence of the corporation would sanction a fraud or promote injustice. See *AMFAC Mechanical Supply*

*Co. v. Federer,* supra; and *Arnold v. Browne,* supra."

With those principles in mind, we agree with the trial court in finding that appellant failed to meet its burden of showing that there was a substantial identity of the parties between the original action and subsequent action. It is true that K–N acquired all the stock in Northern Gas and Northern Utilities. But this fact alone, without more, is insufficient to disregard the time-honored maxim that a corporation is a separate entity from its stockholders.

Affirmed.