PIONEER NATIONAL TITLE INSUR-
ANCE COMPANY, Fidelity National In-
surance Company, and Chicago Title In-
surance Company, Appellants (Plain-
tiffs),

v.

John T. LANGDON, Insurance Commis-
sioner of the State of Wyoming, and
Wyoming Insurance Department, Appel-
lees (Defendants).

No. 5424.

Supreme Court of Wyoming.

April 15, 1981.

Paul J. Hickey, of Horiskey, Bagley & Hickey, Cheyenne, and John A. Sundahl, of Godfrey & Sundahl, Cheyenne, for appellants (plaintiffs).

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Walter Perry, III, Asst. Atty. Gen., for appellees (defendants).

Before. ROSE, C. J., RAPER, THOMAS and ROONEY, JJ., and JOHNSON, D. J.

ROSE, Chief Justice.

This appeal comes to this court under the auspices of the Uniform Declaratory Judgments Act. The appellants ask us to reverse the district court's judgment which says that the insurance commissioner may disapprove a proposed title-insurance rate schedule without first holding a hearing. The district court based its ruling on its interpretation of Chapter 15 of the Wyoming Insurance Code (Title 26, W.S.1977) and on the facts which were stipulated by all parties.

Because we do not find that there is a justiciable issue presented in this appeal, we will reverse the district court and remand with directions to dismiss for lack of jurisdiction.

## THE FACTS

Appellants are all members of the Wyoming Title Insurance Bureau. On April 18, 1979, the Bureau filed a schedule of rates and policy forms with the Wyoming Insurance Department and on June 5, 1979, it requested that a hearing be held on this rate schedule. Following negotiations among the parties, an amended filing was made. On August 21, 1979, the deputy insurance commissioner, without hearing or notice, entered an order disapproving this last-mentioned filing.

In response to this order, the insurance companies filed two court actions on Au-gust 30, 1979, one of which was a petition for review by the district court and the other a declaratory-judgment action which sought a declaration that the insurance commissioner was bound to hold hearings before rejecting such a rate filing as is in issue here. The district court granted a stay of execution of the deputy insurance commissioner's order, and required the insurance companies to post bond pending a decision on the merits.

Soon after initiating these lawsuits, the companies, through the Wyoming Title Insurance Bureau, filed a revised rate schedule. On September 27, 1979, the deputy insurance commissioner accepted this revised filing, and vacated his previous order. The petition for review was then dismissed at the request of all parties.

The declaratory-judgment action was not, however, withdrawn, and on October 22, 1980 an order was entered in district court holding that the insurance commissioner did have the authority to approve or disapprove title-insurance forms and rates without first conducting a hearing. In addition, the order contained a finding to the effect that there did in fact exist a justiciable controversy under the facts of this case. Appellants challenge the district court's holding concerning the insurance commissioner's power to disapprove rate schedules without a hearing, but on appeal neither of the parties have taken issue with the finding of justiciability.

## JUSTICIABILITY/THE LAW

Justiciability is a jurisdictional requirement that must be complied with before the issues in a declaratory-judgment action can be reached. *Mountain West Farm Bureau Mutual Insurance Company, Inc. v. Hallmark Insurance Company*, Wyo., 561 P.2d 706, 710 (1977); *Anderson v. Wyoming Development Co.*, 60 Wyo. 417, 154 P.2d 318 (1944). It is not enough for the parties to stipulate that there is a justiciable controversy; a justiciable controversy must exist in fact. *Brimmer v. Thomson*, Wyo., 521 P.2d 574 (1974). Parties cannot confer jurisdiction by consent. *Church v.*

*Quiner,* 31 Wyo. 222, 224 P. 1073 (1924); *White v. Board of Land Commissioners,* Wyo., 595 P.2d 76 (1979). This rule is not altered by the Uniform Declaratory Judgments Act (Title 1, Chapter 37, W.S.1977). *Police Protective Association of Casper v. City of Casper,* Wyo., 575 P.2d 1146 (1978). Under Rule 57, W.R.C.P., and by virtue of our holding in *Police Protective Association of Casper v. City of Casper, supra,* a petition for declaratory judgment may not be used to obtain an advisory opinion. Neither may the declaratory-judgment vehicle be utilized to secure or deny rights in the future. *White v. Board of Land Commissioners, supra.*

■ In order for the facts in a declaratory-judgment action to be regarded as justiciable, there must exist a factual controversy over which a court order may be effective. *Brimmer v. Thomson, supra.* Once the factual dispute is resolved, the issues become moot and the courts may not consider the issues further. *White v. Board of Land Commissioners, supra.*

The opinion in *Brimmer* sets out a four-part test to determine justiciability under the Uniform Declaratory Judgments Act:
" ' * * * First, a justiciable controversy requires parties having existing and genuine, as distinguished from theoretical, rights or interests. *Second, the controversy must be one upon which the judgment of the court may effectively operate, * * *.* [Emphasis added.] Third, it must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest, [or lacking these first three requirements it must] *be of such great and overriding public moment as to constitute the legal equivalent of all of them.* Finally, the proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues. * * *' " (Second emphasis in original.) *Brimmer v. Thomson,* 521 P.2d at 578.

■ The appellants in this case may be said to have an existing interest in the orderly conduct of their business. It is also true that a decision in this case might provide a full adjudication of the rights of the real parties in interest, and that those parties have presented their cases in a full adversary proceeding. Even so, the present case does not meet the requirements of the second part of the *Brimmer* test since there is no factual controversy over which this court may exercise its power.

In the present case, the factual dispute ended when the deputy insurance commissioner accepted the amended forms and rate schedules and the insurance companies withdrew their petition for a hearing on the earlier schedule. This court can take no action which will affect the forms and rate schedule agreed to by the parties. Rather, the relief requested by the appellants would only affect the future rights and conduct of the parties. Such a ruling would be an advisory opinion and we have said that the Uniform Declaratory Judgments Act cannot be utilized for such purpose. *Mountain West Farm Bureau Mutual Insurance Company, Inc., supra; White v. Board of Land Commissioners, supra.*

■ The appellants urge us to decide this case because it is an ongoing controversy of significant public interest and therefore is justiciable under the doctrine announced in *Brimmer v. Thomson, supra,* and in *Eastwood v. Wyoming Highway Department,* 76 Wyo. 247, 301 P.2d 818 (1956).

In *Brimmer* and *Eastwood,* we held that a case may be decided absent a present factual controversy, where there is an ongoing dispute of great public importance. In both cases the dispute created a burden on an important right, and involved questions of constitutional interpretation. In *Brimmer,* the attorney general issued an official opinion stating that the proposed gubernatorial candidacies of three state senators violated the Wyoming Constitution. The timing of the opinion, coupled with the impending date of the primary election, creat-

ed an urgency factor, and if the court had refused to hear the case the senators, should one of them win, would either have had to give up their candidacies or risk prosecution or invalidation of their election. The attorney general's opinion interfered not only with the right of the state senators to seek office but with the right of the electors' free exercise of their vote.

In *Eastwood*, the revocation of the appellant's driver's license was challenged on constitutional grounds. The court chose to decide the case even though the period for revocation had passed and the license had been restored to the driver. To do otherwise would deny review of a continuing controversy so long as the period of revocation was less than the duration of a trial and the necessary appeal. Since the question was of constitutional significance, the court agreed to decide the case even though the factual dispute was moot.

We find no similar issue of urgency or great public importance to justify an exception in this case. While the lack of supreme court authority on this question may cause some uncertainty in the procedural affairs of the insurance companies, we have no doubt that the business of issuing title insurance will continue as it has in the past.

In the present case, the district court allowed the insurance companies to effectuate the new rate schedules, pending the outcome of the appeal, once a bond was posted. Given this procedural safeguard, the potential economic harm to the companies is minimal. If the controversy in this case is truly a continuing one, this court will decide the issues when they arrive properly presented in an appropriate case.

The order of the district court is vacated and the case is remanded to the district court with directions to enter its order of dismissal.