James G. ANDERSON, Jr.,
Appellant (Defendant),

Sno–King Village, a joint venture, composed of James G. Anderson, Jr., C.G. Aben, Jr., and James A. Engstrom, Defendants,

v.

SNO–KING VILLAGE ASSOCIATION, INC., a Wyoming corporation, Appellee (Plaintiff).

No. 86–209.

Supreme Court of Wyoming.

Nov. 6, 1987.

Robert W. Horn, Jackson, for appellant.

Don W. Riske, Cheyenne, and Henry C. Phibbs, II of Phibbs & Resor, P.C., Jackson, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This construction-defect litigation brings an appeal issue of the validity of a judgment in favor of Buyers following denial of a Rule 60(b), W.R.C.P. motion to set aside the judgment, when defendant developers did not appear for trial. The issue is whether the trial court actually had individual party jurisdiction over appellant, and if so, was there absence of discretion in denial of the motion to set aside the noncontested judgment.

We decide the case on judicial estoppel, and affirm.

FACTS

In 1981, Sno–King Village Association, Inc., and its individual members and officers as plaintiffs brought a suit against Sno–King Village, a joint venture composed of James G. Anderson, Jr., James Engstrom, Jr., and C.G. Aben, Jr. The appeal was later dismissed by this court without

prejudice, pursuant to an agreement between appellees as owner-buyers of developed units, signed individually by two of them. In settlement, the parties agreed that developers would remedy the problems which more pervasively involved water seepage, and that, if it became necessary to commence another action on the construction defects, after failure to remedy, service of process (against the venture and its members) could be made by service on their attorney.

On July 30, 1982, appellees, as the homeowners association separately and in behalf of the individual homeowners, with defects apparently unremedied, commenced this second suit for breach of an implied warranty of fitness in the design and construction of the Sno–King Village townhouses. Copies of the filed complaint and issued summonses were delivered to Kenneth S. Cohen, the attorney named in the prior settlement agreement, and then accepted as service of process. A few months later, an amended complaint against the developers was filed, and Cohen again signed the general acceptance of service. From 1982 this litigation climbed the rapids and descended the falls in near interminable processes, to the climax of a judgment entered May 28, 1986, against the individual members of the joint venture ·only since the venture entity was then in bankruptcy. Judgment was entered against the three persons individually and jointly for $956,-500 at a noncontested hearing where none of the individuals, Cohen, or other counsel appeared.

The resulting judgment contained findings that the action against the joint-venture entity had been stayed by a joint-venture petition in bankruptcy, but that action did not stop the continued action against the individual members. Also contained in the judgment was a finding that the individual developers abused the intent and purpose of the United States Bankruptcy Code by filing bankruptcy petitions prior to trial dates and then dismissed after securing the desired dilatory effect upon trial assignments.

In July, James Anderson, Jr., appellant, through present counsel filed a motion to alter and/or grant relief from the May judgment pursuant to Rules 59(e) and 60(b)(4) and (6), W.R.C.P. The motion attacked the acceptance of service by Cohen, and generally contended that appellant had not been sued in his individual capacity and consequently was not a party to the proceeding. It is from the July 15, 1986 denial of the Rule 60(b) motion that the present appeal is taken. A separate appeal of Aben was dismissed by settlement, and Engstrom pursued bankruptcy court resolution.

The issues actually presented in this appeal are sufficiency of service, and sufficiency of the caption to denominate the individual defendants who were participants in the joint venture as parties in the litigation. This court answers both contentions raised by appellant adversely to him on a judicial-estoppel basis.

## COURSE OF PLEADINGS AND SERVICE OF PROCESS

Summonses were issued against each individual on July 30, 1982, and the first acceptance was filed by Cohen as their attorney on August 9, 1982 based on the agreement dated December 4, 1981 which resulted in dismissal of the lawsuit and which stated:

"7. The agreement by the Owners to Dismiss Without Prejudice is subject to the following:

"(a) In the event that the Owners reinstitute the same or similar lawsuit, service of process on the Developer's attorney of record, Kenneth S. Cohen, will be deemed to be service of process upon each of the Developers."

The agreement defined the developer as:

" * * * SNO–KING VILLAGE, a Joint Venture composed of JAMES G. ANDERSON, JR., an individual, C.G. ABEN, JR., an individual, and JAMES A. ENGSTROM, an individual, acting individually and together as Sno–King Village, a joint venture, (hereinafter referred to as 'the Developer')."

The acceptance of service by Cohen accordingly recited:

"1. That he is the attorney for the Defendant in the above-captioned action.

"2. That on the 5th day of August, 1982 a copy of Summons and Complaint filed in the above-captioned action was delivered to Kenneth S. Cohen.

"3. That the *Defendants* in said action, Sno–King Village, a joint venture, composed of James G. Anderson, Jr., C.G. Aben, Jr., and James A. Engstrom personally agreed to be served in the manner described above, and that their attorney, Kenneth S. Cohen, hereby accepts service of the Summons and Complaint in this matter *upon the aforementioned joint venture and each of its members,* and hereby waives any defects which might or may have occurred in the service of the same." (Emphasis added.)

Having specifically accepted service on both the venture and its partners, a curious motion to dismiss was filed:

"COMES NOW the Defendant, Sno–King Village, a joint venture, by and through its attorney, and moves the Court for an order dismissing the Complaint for the following reasons:

"[various reasons stated]."

This would seem to have left the individuals in defendant status as earlier served, without having filed a similar responsive pleading. Following stipulation for a continuance and leave to amend, an amended complaint was filed, with the listing of defendants in the case caption unchanged. Cohen duly filed another acceptance on February 10, 1983:

"1. That he is the attorney for the Defendants in the above-captioned action.

"2. That on the 9th day of February, 1983 a copy of the Amended Complaint filed in the above-captioned action was delivered to Kenneth S. Cohen.

"3. That the Defendants in said action, Sno–King Village a joint venture, composed of James G. Anderson, Jr., C.G. Aben, Jr. and James A. Engstrom personally agreed to be served in the manner above described, and that their attorney Kenneth S. Cohen, hereby accepts

service of the Amended Complaint in this matter upon the aforementioned joint venture and each of its members, and hereby waives any defects which might or may have occurred in the service of the same."

The caption of the case, uniformly continued through all proceedings including final judgment except on occasions when pleadings filed by Cohen used the singular tense "Defendant," read:

| "SNO–KING VILLAGE ASSOCIATION, INC., a Wyoming corporation, BEAN HILL RESIDENCES, a general partnership consisting of BARBARA G. WHITE and ROBERT E. WHITE, husband and wife, and [other named individuals] | ) ) ) ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 5206 |
| SNO–KING VILLAGE, a joint venture composed of James G. Anderson, Jr., C. G. Aben, Jr. and James A. Engstrom | ) ) ) ) | |
| Defendants. | ) )" | |

It is apparent that in the many pleadings that followed initial filing counsel for plaintiffs thought that the individual venturers were parties, as demonstrated by stated text including pre-trial memoranda, even though Cohen, as counsel, sometimes used the word "Defendant" in his pleading terminology. He withdrew for fee nonpayment, refiled an appearance, and then did not attend the regularly scheduled trial session of May, 1986.

We resolve the entry-of-appearance question by concluding that the appellant, by executing the prior suit settlement agreement, authorized Cohen to accept service of process and never thereafter made any effort to strike service or otherwise withdraw that authority. Rule 4(d), W.R.C.P.; *National Equipment Rental, Limited v. Szukhent,* 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964); Wright & Miller, Federal Practice and Procedure: Civil 2d § 1097, p. 88. Incidentally, at least as indicated by bankruptcy schedules, Anderson was a resident of the Teton County area during the course of litigation.

## CAPTION SUFFICIENCY TO INCLUDE ANDERSON

■ The substantial issue of this appeal is whether the case pleading caption was sufficient to properly denominate the three individual members of the joint venture as designated defendants. Rule 4(b), W.R. C.P. provides:

"The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant * * *."

Rule 10(a), W.R.C.P. provides:

"Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

Serious question exists whether the caption is sufficient, no matter what the text of the pleading, to clearly demonstrate that the individuals are named parties, in view of the accepted principle that the venture is a separate entity and that the individuals should be separately named to be subject to the litigation. *P & M Cattle Co. v. Holler*, Wyo., 559 P.2d 1019 (1977); *MJB Investments v. Coxwell*, Wyo., 611 P.2d 438 (1980); *L.C. Jones Trucking Co. v. Superior Oil Co.*, 68 Wyo. 384, 234 P.2d 802 (1951). Our decision, however, will not be made upon the caption form or terminology and its sufficiency.

The reason that this fairly simple litigation took so long in its process is that regularly, as a trial-stage strategy, delaying bankruptcy proceedings were instituted first by members of the joint venture and then for the venture.

On January 17, 1983, appellant Anderson filed a Chapter Eleven bankruptcy in Docket 83–00027, United States Bankruptcy Court, District of Wyoming, later dismissed May 26, 1983, wherein the scheduled reflects:

"12. Suits, executions, and attachments.

"a. Were you a party to any suit pending at the time of the filing of the original petition herein? (If so, give the name and location of the court and the title and number of the case, and nature of the proceeding.)

"[Answer] Yes—see attached sheet."

The list of creditors included:

"Sno–King Village c/o Henry Phibbs
P.O. Box 1082
Jackson, Wyoming
"[Amount of Claim] $300,000
"[Character of Claim and Securities] defective work by contractor and architect."

Schedule A–3 stated:

"Sno–King Village
c/o Henry Phibbs, III
P.O. Box 1082
Jackson, WY. 83001
"1979—defective work by contractor and architect—disputed
"H [Amount of Claim] 300,000."

A list of the ten largest unsecured creditors included:

"Sno–King Village
c/o Henry Phibbs, III
P.O. Box 1983
Jackson, Wyoming 83001
"[Amount of Claim] $300,000.00."

The court file addressograph listing of names included Phibbs as attorney for appellee.

Paragraph 6 of the bankruptcy court order for meeting of creditors, included as its automatic stay injunction:

"AUTOMATIC STAY—As a result of the filing of the petition in bankruptcy, certain acts and proceedings against the debtor(s) and his/her property are stayed automatically pursuant to 11 U.S.C. Section 362(a)."

This stay order then halted the Teton County state litigation until the May bankruptcy dismissal.

Having dismissed Bankruptcy Case No. 83–00027 in 1983, appellant then filed Bankruptcy Case No. 84–00049 in January of 1984. Similar if not identical schedule entries were included, enumerating the

pending suit as filed against the debtor, and resulting in the entry of an additional stay order again delaying the Teton County proceedings by injunctive benefit to Anderson. Additionally, present appellees also entered a bankruptcy court appearance to object to certain activities of the debtor, to which responses were made by Anderson, stating among other things:

"That this Motion constitutes harassment by Creditor, Sno–King Village Association, Inc. against Debtor, James Gibson Anderson, Jr., and Debtor, James Gibson Anderson, Jr. is entitled to reasonable attorney fees for having to defend said Motion.

"WHEREFORE, Debtor, James Gibson Anderson, Jr. prays said Motion be dismissed along with granting Debtor reasonable attorney fees for having to defend said Motion for Objection to Reaffirmation of Debt, plus any other further relief the Court may determine fair and equitable under the circumstances."

This bankruptcy proceeding was also dismissed.

Engstrom then filed Bankruptcy Case No. 85–000389–A, in 1985, which deterred further proceedings until an order granting relief from automatic stay was issued November 4, 1985 which then again released the Teton County suit for further litigative proceedings. Like Anderson, Engstrom also listed in his personal bankruptcy schedule the suits then pending by the Sno–King homeowners.

Not to be deterred, the joint venture then filed bankruptcy in 1986, which evoked a motion for contempt by the individual members of the venture in contending that the automatic stay order would stop proceedings against them also. By order filed October 24, 1986, subsequent to the entry of this judgment, the judge in bankruptcy ruled:

"The above matter, having come before the Court upon that Motion to Hold in Contempt filed herein by Debtor, Sno–King Village Joint Venture, together with James G. Anderson, Jr. and C.G. Aben, Jr., with hearing on such Motion being held on the 2nd day of October,

1986, the Court, having considered the arguments and submissions of counsel, finds as follows:

"1. The filing of a petition in bankruptcy by a corporation or partnership does not automatically stay actions against the individual officers or partners under 11 USC § 362.

"2. A partnership is not entitled to a discharge under Chapter 7 of the Bankruptcy Code, therefore, actions against the individual partners do not adversely affect the estate of a debtor partnership.

"3. The filing of a Petition under Chapter 7 of the Bankruptcy Code by Debtor, Sno–King Village Joint Venture, did not automatically stay Respondent's, Sno–King Village Association, Inc.'s, action against the individual joint venturers.

"4. Debtor, Sno–King Village Joint Venture, is not entitled to an injunction prohibiting Respondent, Sno–King Village Association, Inc., from pursuing its actions against the individual joint venturers.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Debtor's Motion to Hold in Contempt should be, and the same is, denied. The parties to such Motion shall each bear their own costs."

In the decree from which the Rule 60(b) motion was pursued, the district judge stated:

"That the individual Defendants have, by their conduct, abused the intent and purpose of the United States Bankruptcy Code by the filing in the United States Bankruptcy Court for the District of Wyoming of four (4) Bankruptcy Petitions under docket numbers 83–00027, 84–00049, 85–000389–A and 86–00422–A, at times obviously chosen by the Defendants immediately prior to trial settings of this case before this Court. Two of such petitions were withdrawn after the desired stay had its effect upon the trial settings of this Court. Such conduct is an abuse of process and has served to prolong this litigation to the detriment of the Plaintiff. Such tactics become even more clear in light of failure of the De-

fendants to appear and present any defense at the trial before this Court."

The issue we consider is whether the defendants can contend in bankruptcy court that they are parties in this case in order to enjoin the state proceeding, and then contend in the state proceeding that they were not defendants to now be subject to judgment.

We answer the question in the negative. In cavalier terms it is described as the pursuit of hunting with the hounds and running with the foxes. In more judicious terms, in *Amfac Mechanical Supply Co. v. Federer*, Wyo., 645 P.2d 73, 79 (1982), this court stated:

> "The court will not allow parties to blow hot and cold in the same breath. In separate judicial proceedings, a party will not be allowed to maintain inconsistent positions."

See also *Gray v. Fitzhugh*, Wyo., 576 P.2d 88 (1978), and *Allen v. Allen*, Wyo., 550 P.2d 1137 (1976).

If we perceive a defect in the caption or a misconstruction between the parties to be available for construction, we would find that the conduct of the defendants from the acceptance of service, through the utilization of their status in the state litigation to obtain an injunctive delay through federal court bankruptcy, is determinative as a matter of judicial estoppel for interpretation of the caption by their acceptance of the status as a party. A well considered and philosophically defining observation is found in Comment, *Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel*, 80 Nw.U.L.Rev. 1244 (1986).

 Question is lastly raised in the brief about the abuse of discretion of the trial court in failing to set aside the judgment following the scheduled hearing held when appellant did not appear for trial. Certainly even the patience of Job would have been inordinately tried through the course of this litigation, and we find no abuse of discretion under the circumstances which justifies any reasoned decision to reverse. *Martin v. State*, Wyo., 720 P.2d 894 (1986).

Abuse of discretion is the test. *Martellaro v. Sailors*, Wyo., 515 P.2d 753 (1973).

The judgment is affirmed.

BROWN, C.J., filed a specially concurring opinion.

THOMAS, J., filed a dissenting opinion in which CARDINE, J., joined.

CARDINE, J., filed a dissenting opinion.

BROWN, Chief Justice, specially concurring.

I concur in the conclusion of the majority opinion, but would affirm the case using a simpler legal analysis.

As explained in the majority opinion, this case involves a defendant over which the trial court had proper personal jurisdiction under Rule 4(d), Wyoming Rules of Civil Procedure. After making this determination I would hold that under Rules 4(b) and 10, W.R.C.P., a faulty caption on the complaint is not in and of itself fatal to subject matter jurisdiction. Federal and state precedent urges that when proper parties are correctly identified in the body of the complaint a defective caption does not defeat subject matter jurisdiction. 5 Wright and Miller, Federal Practice and Procedure § 1321, pp. 457–461 (1969 and Supp.1987, pp. 169–171). The treatise states:

> "Although helpful to the court, the caption usually is not considered a part of the pleader's statement of claim or response and is not determinative as to the parties to the action or the court's jurisdiction." Id., at 458–459.

A good illustration of this rule in a state case involving a Rule 60(b) motion to dismiss is *Anderson v. State Department of Highways*, Alaska, 584 P.2d 537, 541–543 (1978).

This case similarly presents a disputed complaint that clearly and repeatedly identified appellant Anderson as an individual defendant. We should affirm on this basis and avoid flirting with the slippery concept of judicial estoppel.

CARDINE, Justice, dissenting.

I concur in the dissent of Justice Thomas adding only that it is simply astonishing that we affirm a judgment against an individual not named as a party in the litigation. The three cases cited in the opinion for judicial estoppel say only that where a party has testified one way in a prior proceeding, he cannot later testify in a different way—hardly authority for entering judgment against an individual not named a party. Rule 4, W.R.C.P., provides: "The summons *shall* * * * contain * * * the names of the parties" (emphasis added), and Rule 10(a) W.R.C.P., provides: "Every pleading *shall* * * * include the names of all the parties * * *." (Emphasis added.) Rule 19(b), W.R.C.P., concerning the effect of failure to join, provides that with respect to parties not joined, "the judgment rendered therein does not affect the rights or liabilities of absent persons." For me, *shall* is mandatory. I cannot agree to something as contrary to our rules as is proposed here, for it would mean one need not name parties to obtain judgment against them. The rule requiring that parties be named says *SHALL*. If we are not going to apply the rules as they are written, we might as well abolish them.

THOMAS, Justice, dissenting, with whom CARDINE, Justice, joins.

I would reverse the district court's denial of relief pursuant to Rule 60(b), W.R.C.P. As the majority opinion notes, a "[s]erious question exists whether the caption is sufficient, no matter what the text of the pleading, to clearly demonstrate that the individuals are named as parties, * * *." (Ante, at 5). In my view, their mention is descriptive only, and this action is brought against the joint venture solely. I think that conclusion must flow from *MJB Investments v. Coxwell*, Wyo., 611 P.2d 438 (1980); *P & M Cattle Company v. Holler*, Wyo., 559 P.2d 1019 (1977); and *L.C. Jones Trucking Company v. Superior Oil Company*, 68 Wyo. 384, 234 P.2d 802 (1951). The effect is to circumscribe the subject matter jurisdiction of the district court to those claims brought against the joint venture.

As I analyze this situation, subject matter jurisdiction of a court is invoked by the complaint. Personal jurisdiction over party defendants is invoked by the issuance and service of process which includes the complaint. From the earliest jurisprudence of Wyoming until this time, this court uniformly has pursued what I believe to be the majority rule that parties cannot confer subject matter jurisdiction upon a court by consent, nor is it possible for a party to waive subject matter jurisdiction. *Spratt v. Security Bank of Buffalo*, Wyo., 654 P.2d 130 (1982); *Pioneer National Title Insurance Company v. Langdon*, Wyo., 626 P.2d 1032 (1981); *White v. Board of Land Commissioners*, Wyo., 595 P.2d 76 (1979); *Church v. Quiner*, 31 Wyo. 222, 224 P. 1073 (1924); *North Laramie Land Company v. Hoffman*, 26 Wyo. 327, 184 P. 226 (1919), reh. denied 27 Wyo. 271, 195 P. 988 (1921); *Clendenning v. Guise*, 8 Wyo. 91, 55 P. 447 (1898); *Kingen v. Kelley*, 3 Wyo. 566, 28 P. 36, 15 L.R.A. 177 (1891); *Wolcott v. Territory of Wyoming*, 1 Wyo. 67 (1872).

Recognizing the integrity of the proposition that subject matter jurisdiction cannot be conferred by consent or by waiver, I am satisfied that it cannot be invested as a matter of judicial estoppel either. If Anderson could not consent to the exercise of subject matter jurisdiction by the trial court, then, in my judgment, it does not matter how often in bankruptcy proceedings or elsewhere he may have declared that he was a party defendant to this action or a debtor whose liability was being adjudicated in the action. Those declarations would not be material to the question of jurisdiction of the trial court. I am satisfied that the complaint did not invoke subject matter jurisdiction over any claim against Anderson personally.

Once I reach that conclusion, I must find an abuse of discretion on the part of the trial court in refusing to grant relief pursuant to Rule 60(b)(4), W.R.C.P. If the court is without jurisdiction, any order it enters is void, and it has an obligation to correct that order. It can do that at any time, but when the matter is called to its attention, it should not abandon the party claiming lack of jurisdiction to that party's right to resist the efficacy of the judgment in a collateral proceeding. A right exists to have the trial

court correct its misjudgment with respect to the scope of its jurisdiction, and the court is obligated to do that when the matter is called to its attention.

I would reverse.