Roger L. WAGNER and M.C. Wagner, Appellants (Plaintiffs),

v.

FIRST WYOMING BANK, N.A. LARAMIE, Appellee (Defendant).

No. 89-90.

Supreme Court of Wyoming.

Dec. 20, 1989.

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, for appellants.

Paul D. Schierer of Pence and MacMillan, Laramie, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Appellants Roger L. Wagner and M.C. Wagner appeal the disposition of competing summary judgment motions focused on whether or not certain structures should be included in the appraised value of land the Wagners agreed to purchase from Appellee First Wyoming Bank, N.A. Laramie.

We affirm in part, reverse in part, and remand.

The Wagners state the issues as:

1. Did the district court err in granting summary judgment on the complaint and counterclaim herein based upon a selection of evidence between conflicting affidavits?

2. Did the district court err in including the value of personal property in a judgment for specific performance on the purchase of real property?

The bank responds with these issues:

I. Did the district court err in granting summary judgment in Appellees' favor on the issue of specific performance?

II. Did the district court err in granting summary judgment in Appellees' favor on the issue of rental payments due?

During the month of April 1981, Hardwood Specialties, Inc., a Wyoming corporation, presented an extensive loan proposal to the bank, which provided in part:

The proposed action by HARDWOOD SPECIALTIES, INC., (owner Roger L. Wagner) is to borrow approximately $150,000.00 to be used in the following manner. Eighty two thousand dollars ($82,000.00) to be used to pay off existing short term construction loans and secure first deed of trust for lender against real property and buildings located in South Knoll Sub-division, Laramie, Wyoming, which has a current appraised value of $219,000.00 plus * * *.

The bank loaned the $150,000 to Hardwood Specialties, Inc. and secured the loan with a mortgage on that tract of land. The mortgage was signed by the Wagners individually and as officers of Hardwood Specialties, Inc.

Hardwood Specialties, Inc. defaulted on the loan and declared bankruptcy. After obtaining relief from the automatic stay, the bank judicially foreclosed on the mortgage. Pursuant to a stipulation, the foreclosure order allowed the Wagners to rent the foreclosed property for one year at a rate of $1,500 per month and to purchase the property at an appraised value when the year concluded. This value was to be determined either by an appraiser chosen by the parties jointly or by the average of the two parties' respective appraisals. The one-year rental period commenced on November 1, 1986.

The Wagners had an appraisal performed on the property on October 12, 1987, which assessed the property's value at $27,500. The bank's appraisal, dated December 21, 1987, estimated the property's value at $126,100. The bank's appraisal included the value of certain structures located on the property which were not included in the Wagners' appraisal. The Wagners claimed that these structures were personal property which were not permanently affixed to the ground or owned by the bank, and thus they were not part of the realty the Wagners were to purchase.

The Wagners sued the bank for specific performance of their agreement, praying that the court order the sale of the property to them for $58,786. The Wagners calculated this figure by averaging the bank's appraisal amount, less $36,028 for the value of the structures the Wagners claimed were not part of the realty,[1] and their appraisal amount. The bank counterclaimed, asking the court to order the Wagners to purchase the property for its appraisal amount of $126,100. The bank claimed that the Wagners' appraisal was improper due to the qualifications of their appraiser and prayed for past due rent from July 1, 1987. Both parties moved for summary judgment.

After hearing the arguments on the motions for summary judgment and reviewing the supporting materials, the court decided that the Wagners' appraisal was defective in that the structures in dispute, which were valued at $36,028, were wrongfully excluded as personal property. This increased the Wagners' appraisal to $63,028,[2] and the average of the two appraisals was increased to $94,514. The court also concluded that the Wagners owed the bank $12,000 in back rent. On March 13, 1989, the court entered its order setting the purchase price at $94,514 and awarding judgment for the bank and against the Wagners in the amount of $12,000. This appeal is taken from that order.

Summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. *Baros v. Wells,* 780 P.2d 341 (Wyo.1989); *Farr v. Link,* 746 P.2d 431 (Wyo.1987). We review a summary judgment in the same light as the district court, using the same materials and following the same standards. *Baros,* 780 P.2d 341; *Roybal v. Bell,* 778 P.2d 108 (Wyo.1989). We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Baros,* 780 P.2d 341; *Doud v. First Interstate Bank of Gillette,* 769 P.2d 927 (Wyo.1989). A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Albrecht v. Zwaanshoek Holding En Financiering, B.V.,* 762 P.2d 1174 (Wyo.1988); *Johnston v. Conoco, Inc.,* 758 P.2d 566 (Wyo.1988).

■ The affidavits and exhibits submitted by the parties in support of their respective positions reveal that a question

---

1. This would have put the bank's appraisal at $90,072.

2. For some reason not readily apparent from the record, the district court decreased the Wagners' appraisal from $27,500 to $27,000.

of material fact exists as to whether some of the structures on the foreclosed land are fixtures or chattels. The materials submitted by the Wagners indicate that the structures were temporarily placed on the land and that they are easily removable by the owners who were not parties to the loan transaction. Although the bank's supporting materials do not allude directly to how these structures are attached to the land, they do indicate that the intent was that they become part of the security for the loan.

A chattel becomes a fixture when it becomes "so related to particular real estate that an interest in [it] arises under real estate law." Wyo.Stat. § 34–21–942(a)(i) (1977). In *Wyoming State Farm Loan Board v. Farm Credit System Capital Corporation*, 759 P.2d 1230, 1234 (Wyo. 1988) (quoting *Holland Furnace Co. v. Bird*, 45 Wyo. 471, 479–80, 21 P.2d 825 (1933)), we set out the following criteria for determining whether a chattel is a fixture:

 " '1st. Real or constructive annexation of the article in question to the realty.

 " '2d. Appropriation or adaptation to the use or purpose of that part of the realty with which it is connected.

 " '3d. The intention of the party making the annexation to make the article a permanent accession to the freehold, this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation and policy of the law in relation thereto, the structure and mode of the annexation and the purpose or use of which the annexation has been made.' "

Of particular importance here is the determination of the parties' intent, which requires interpretation of the meaning of a number of written instruments, including the 1981 loan proposal, the resulting mortgage, and the stipulation reached in the foreclosure proceeding. The parties dispute the meaning of these instruments and the facts surrounding the formation of these instruments. In such a situation, summary judgment is unavailable. *Cordova v. Gosar*, 719 P.2d 625 (Wyo.1986);

*Greaser v. Williams*, 703 P.2d 327 (Wyo. 1985). The decision on this issue by the finder of fact will determine whether the appraised value should include these structures.

■ The bank further asserts that the Wagners should be estopped from claiming that, regardless of the type of property the structures are, they should not be included in the appraisal price. The bank premises this assertion upon representations it claims were made by the Wagners in the loan proposal. Equitable estoppel may be asserted as a defense or for the protection of a right, *Gay Johnson's Wyoming Automotive Service Co. v. City of Cheyenne*, 369 P.2d 863 (Wyo.1962), and its application depends upon the facts and circumstances of each individual case. *Lewis v. State Board of Control*, 699 P.2d 822 (Wyo. 1985). The party asserting equitable estoppel must show he (1) lacked knowledge of the facts, (2) was without a means to discover them, (3) relied upon the actions of the party sought to be charged, and (4) changed his position accompanying such reliance. *Security State Bank of Basin v. Basin Petroleum Services*, 713 P.2d 1170 (Wyo.1986); *Cheyenne Dodge, Inc. v. Reynolds and Reynolds Company*, 613 P.2d 1234 (Wyo.1980). The record indicates that the district court did not consider the question of estoppel when it decided to grant the bank's summary judgment motion. Thus, this remand does not preclude the bank from asserting and attempting to prove equitable estoppel as an affirmative defense to the Wagners' claim.

■ The trial court also awarded $12,000 to the bank for past due rent on the property. This amount stems from the parties' agreement that the Wagners would pay rent of $1,500 per month for one year. The court found that the Wagners did not pay rent for three months during the one-year period and that they held over as tenants by sufferance for an additional five months. The Wagners do not dispute this finding and only take issue with the reasonableness of the rental rate. We conclude that this issue is not a genuine issue of material fact. The material facts to the

past due rent payment action are the period of time the Wagners occupied the property without paying rent and the amount of rent they agreed to pay per month. These facts are not in issue. The bank was entitled to a reasonable monthly rent, which is the amount the parties' had agreed the Wagners would pay. *See Lawer v. Mitts*, 33 Wyo. 249, 238 P. 654 (1925). The trial court correctly ruled in favor of the bank on this claim.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.