**McCULLOCH GAS TRANSMISSION COMPANY, a Wyoming corporation, Plaintiff-Appellee,**

v.

**KANSAS–NEBRASKA NATURAL GAS COMPANY, a Kansas corporation, Defendant-Appellant.**

No. 82-2529.

United States Court of Appeals, Tenth Circuit.

July 29, 1985.

**1200**

Robert L. Morris of Davis, Graham & Stubbs, Denver Colo. (Lawrence A. Yonkee and Tom C. Toner of Redle, Yonkee & Arney, Sheridan, Wyo., with him on briefs), for defendant-appellant.

Richard Barrett of Hathaway, Speight and Kunz, Cheyenne, Wyo. (Jack B. Speight of Hathaway, Speight and Kunz, Cheyenne, Wyo. and David L. Huard, Los Angeles, Cal., with him on brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and McKAY, Circuit Judge, and RUSSELL, District Judge *.

DAVID L. RUSSELL, District Judge.

This is an appeal from a trial to the court for breach of a gas purchase contract. Although the appellant sets forth three propositions of error, we find dispositive our affirmative answer to the following: did the trial court err in piercing the corporate veil of two wholly owned subsidiaries of the appellant.

The action below arose from the alleged breach of a "take or pay" clause in a gas purchase contract. In August, 1969, McCulloch Gas Transmission Company entered into a 20 year gas purchase contract with Northern Utilities, Incorporated. Northern Utilities assigned this contract to Northern Gas Company in August, 1974. Both Northern Utilities and Northern Gas are incorporated under the laws of Wyoming and the principal place of business for each is Casper, Wyoming. In September, 1974, Kansas-Nebraska Natural Gas Company, Incorporated [appellant] acquired all of the stock in Northern Utilities and Northern Gas. Appellant is incorporated under the laws of Kansas, and its principal place of business is in Phillipsburg, Kansas.

It is not disputed for the purposes of this appeal that appellant is the alter ego of Northern Utilities and Northern Gas. Appellant asserts, however, that alter ego status alone is insufficient justification for piercing the corporate veil of these wholly owned subsidiaries and allowing suit against the alter ego. In addition to the finding of alter ego, appellant contends the trial court must find that failure to pierce the veil will "'defeat public convenience, justify wrong, protect fraud, or defend crime.'" *Langdon v. Lutheran Brotherhood*, 625 P.2d 209 (Wyo.1981) (quoting 1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 41 (Rev.Vol.1974)). This argument is well taken. *Wyoming Construction Co. v. Western Casualty & Surety Co.*, 275 F.2d 97, 103 (10th Cir.), *cert. denied* 362 U.S. 976, 80 S.Ct. 1061, 4 L.Ed.2d 1011 (1960); *Langdon v. Lutheran Brotherhood*, 625 P.2d 209, 213 (Wyo. 1981); *State v. Nugget Coal Co.*, 60 Wyo. 51, 144 P.2d 944, 948–49 (1944).

> The theory of alter ego has been adopted by the courts in those cases where the idea of corporate entity has been used as a subterfuge and to observe it would work an injustice. The standards for the application of alter ego principles are high, and the imposition of liability notwithstanding the corporate shield is to be exercised reluctantly and cautiously.

1 Fletcher, *supra* § 41.10. The appellant correctly asserts that the trial court made no findings beyond the existence of alter ego to support its disregard of the corporate identities of the subsidiaries. The appellee contends that a finding of fundamental unfairness or injustice is implied in the trial court's findings of fact and conclusions of law.

---

* Honorable David L. Russell, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

We cannot agree. The trial court's findings and conclusions give no hint of hardship to be suffered by appellee in the absence of piercing the corporate identities. Appellee advances the general proposition that it would be unfair and unjust to allow Kansas-Nebraska to control its subsidiaries and not stand accountable. As an aspect of this general unfairness, appellee states that it was highly inconvenient for them to attempt to deal with the subsidiaries, when they might have fared better dealing with Kansas-Nebraska directly. The Wyoming cases cited by appellee do not support a disregard of corporate identity for such reasons. Rather they support a higher showing of unfairness and disregard the separate identities only where doing so will "prevent fraud, injustice, or wrong." *Wyoming Construction Co. v. Western Casualty & S. Co.*, 275 F.2d 97, 103 (10th Cir. 1960) (applying Wyoming and citing *Caldwell v. Roach*, 44 Wyo. 319, 12 P.2d 376 (1932)). Neither appellee's argument nor the evidence cited in support of the argument justify piercing the corporate identities of the subsidiaries under the law of Wyoming.

We hold the trial court erred in piercing the corporate identities of the subsidiaries and holding the appellant liable for the acts of its subsidiaries.[1] Therefore, the judgment of the trial court against appellant is reversed, and the cause remanded for entry of judgment in favor of the appellant.

REVERSED AND REMANDED.

---

[1] We do not agree, as the appellant argues, that the absence of these findings raises a jurisdictional question. *Cf. Publicker Industries, Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065 (3rd Cir. 1979).