Beverly A. MEDINA, as Personal
Representative for the estate of
John R. Medina, Plaintiff,

v.

FOUR WINDS INTERNATIONAL COR-
PORATION, a Delaware corporation;
and Thor Industries, Inc., a Delaware
corporation, Defendants.

Dolores A. Gonzales, as Personal
Representative for the estate of
Levi E. Gonzales, Plaintiff,

v.

Four Winds International Corporation,
a Delaware corporation; and Thor In-
dustries, Inc., a Delaware corporation,
Defendants.

Nos. 99–CV–246–B, 99–CV–247–B.

United States District Court,
D. Wyoming.

Aug. 11, 2000.

R. Daniel Fleck, Spence, Moriarity & Schuster, Jackson, WY, for plaintiff.

Patrick J. Murphy, Williams, Porter, Day & Neville, Casper, WY, for defendant.

### ORDER GRANTING THOR INDUS-TRIES, INC.'S MOTIONS FOR SUMMARY JUDGMENT

BRIMMER, District Judge.

This case stems from an accident involving a recreational vehicle owned by Four Winds International Corporation ("Four Winds"). The matter is before the Court on motions by Defendant Thor Industries, Inc. ("Thor") for summary judgment, filed by Thor in each of the above captioned cases, 99–CV–246 and 99–CV–247. Thor contends that the Court lacks personal jurisdiction over it because its only connection to Wyoming is its status as the parent company of the other Defendant in this case, Four Winds. Plaintiff counters that the parent company, Thor, is accountable for the acts of Four Winds within the forum state either based on its control of Four Winds or its status as Four Winds' alter ego. The motions came before the Court for a hearing on July 6, 2000. In a July 10, 2000 Order, this Court stayed decision on Thor's summary judgment motions pending further discovery responses by Thor pertaining to the corporate relationship between Thor and Four Winds. After reading Plaintiffs' supplemental submission and the other briefs on file, hearing oral arguments, and being fully advised in the premises, the Court hereby **FINDS** and **ORDERS** as follows:

### Background

In the accident at the heart of this case, a recreational vehicle ("RV") owned by Four Winds and driven by Gail H. Baker crossed the median of Interstate 80 near Rawlins, Wyoming, striking the vehicle that John R. Medina was driving and in which Levi E. Gonzalez was a passenger, killing Messrs. Medina and Gonzales. Mr. Baker died in the fire that followed the crash. Mr. Baker had a history of heart disease which may have precipitated the accident. The RV was a new RV manufactured by Four Winds, and was being transported from Four Winds' manufacturing facility in Elkhart, Indiana to Reno, Nevada. Plaintiffs bring negligence claims against Four Winds and its corporate parent, Thor, arguing essentially that Defendants were negligent in hiring and retaining Mr. Baker, and in failing to properly train and supervise him. Plaintiffs further seek recovery from Defendants under the theory of respondeat superior based on the negligent driving of Mr. Baker.

### Analysis

■ At issue in the current motion is whether this Court has personal jurisdiction over Thor. Where a court's in personam jurisdiction is challenged,

[t]he plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting

affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.[1] *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted). To establish personal jurisdiction, a plaintiff must show both that jurisdiction is proper under the forum state's long-arm statute and that exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990). Wyoming's long-arm statute provides that "[a] Wyoming court may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution." Wyo.Stat. § 5–1–107(a) (1999). Thus, in Wyoming, "this two part inquiry collapses into a single due process analysis." *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1416 (10th Cir.1988) (applying Oklahoma's similar long-arm statute); *see also Dobbs v. Chevron U.S.A., Inc.,* 39 F.3d 1064, 1067–68 (10th Cir.1994) (recognizing that the limits of Wyoming's long arm statute are coextensive with federal due process requirements).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *International Shoe v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). To stay within due process limitations, a forum has personal jurisdiction only over defendants that have "certain minimum contacts [with the jurisdiction] ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe,* 326 U.S. at 316,

66 S.Ct. 154 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

In this case, there is no dispute that Four Winds, as the employer of Gail Baker and the owner of the RV involved in the accident, is subject to personal jurisdiction in Wyoming. More difficult is the question of whether Thor is likewise subject to personal jurisdiction. While Plaintiffs are less than clear on the theories upon which they contend that such jurisdiction is proper, their argument appears to be twofold. First, Plaintiffs assert that Thor is subject to jurisdiction based on its own activities having an effect within the forum, those being primarily its alleged control and involvement in the hiring and retention of Mr. Baker. Second, Plaintiffs contend that jurisdiction over Thor is proper based on Four Winds's forum activities, under the theory that Thor is the alter ego of its wholly owned subsidiary, Four Winds.

## 1. Personal Jurisdiction Over Thor Based On Its Own Activities Causing Injury Within the Forum

In support of its argument that the Court lacks personal jurisdiction, Thor provides the affidavit of Walter Bennett, chief financial officer of Thor. Mr. Bennett avows, among other things, that Thor has no physical presence in Wyoming, owns no assets in Wyoming, and transacts no business in Wyoming. While these statements are uncontroverted, Plaintiffs counter that Thor is liable, and therefore subject to personal jurisdiction, based on its actual control of Four Winds. It has been recognized that tortious conduct perpetrated outside the forum state causing injury within the forum can serve as a basis for personal jurisdiction. *See Jenner & Block v. District Court,* 590 P.2d 964, 965–66 (Colo.1979). Under Wyoming law, a parent company can be held liable for the acts of

---

**1.** While Thor's motion is styled as one for summary judgment rather than as a motion to dismiss, the Court shall apply the same standard here. The Court further notes that Thor raised lack of in personam jurisdiction as an affirmative defense in its First Amended Answer, and therefore has not waived this defense.

its subsidiary where it "assume[d] some independent legal duty by retaining or exercising control over some aspect of the operation of a subsidiary corporation which was involved in the incident resulting in the plaintiff's injuries." *Fiscus v. Atlantic Richfield,* 773 P.2d 158, 160 (Wyo. 1989).

In this case, Plaintiffs allege essentially that Defendants were negligent in hiring and retaining Gail Baker, and in failing to properly train and supervise him. (Pls.' Compl. ¶ 25.) Further, Plaintiffs seek recovery from Defendants under an agency theory based on the negligent driving of Mr. Baker, though it is undisputed that Mr. Baker was an employee of Four Winds, and not of Thor. (*Id.*) Thus, Thor could be held liable for Four Winds' negligent hiring and supervision only if Thor retained control over Four Winds' hiring practices or day-to-day operations with respect to transportation of recreational vehicles. *See Wessel v. Mapco, Inc.,* 752 P.2d 1363, 1368 (Wyo.1988) (grandparent company not liable for injuries of employee of subsidiary where there was no evidence that grandparent corporation retained or assumed responsibility for site safety). Plaintiffs appear to be arguing that negligent acts attributable to Thor based on its control of Four Winds' hiring and retention of Mr. Baker serve as the basis for personal jurisdiction over Thor.

Mr. Bennett avers in his affidavit that Thor does not retain control over Four Winds' day-to-day operations, that Thor and Four Winds do not share operating management personnel, and that Thor exercises no control over Four Winds' labor relations or personnel hiring and termination decisions. (Bennett Aff. ¶¶ 5–7.) Further, Mary K. Dodson, controller for Four Winds, clearly described in her affidavit how Mr. Baker was hired in the parts department by a Four Winds supervisor and was later transferred to the employee driving program, all with no input by Thor. (Dodson Dep. at 20–22.) Likewise, Amy Anglemyer, the dispatcher for Four Winds' transportation operations, identified those involved in driver hiring decisions as herself, Ms. Dodson, and Jeff Kime, president, all Four Winds employees. (Anglemyer Dep. at 18.) Ms. Anglemyer was considered the supervisor of the drivers and was responsible for day-to-day operation of the employee transportation program. (*Id.* at 6–7, 22.) Transportation safety issues were likewise handled exclusively by Four Winds employees, principally Larry White, facilities manager, and Dan Piennette, safety manager. (Dodson Dep. at 10; White Dep. at 12.) Mr. White described his contact with Thor personnel as "Fvery minimal," limited to answering questions for insurance inspections and the like, and stated that he does not take direct orders from Mr. Bennett. (White Dep. at 25–26.) This evidence of a lack of control by Thor over the aspect of Four Winds' business involved in the lawsuit trumps the generalized allegations made in Plaintiffs' complaints, requiring Plaintiffs to come forward with evidence in order to establish a prima facie case of personal jurisdiction. *Kennedy v. Freeman,* 919 F.2d 126, 128 (10th Cir.1990).

In seeking to make out a prima facie case that Thor controlled Four Winds' day-to-day transportation operations, Plaintiffs point first to the fact that the invoice for the RV involved in the accident indicated that payment should be sent to Four Winds in care of Thor at a Chicago, Illinois address. (Pls.' Combined Resp.Ex. 20.) This piece of evidence, at most, supports the inference that Thor handled at least some accounting functions for Four Winds. The law is clear, however, that the parent becomes liable only where it exercises control over the aspect of the subsidiary's operation that caused the plaintiff's injury, *Fiscus,* 773 P.2d at 160, which in this case was obviously not the accounting function. Plaintiffs next rely on a letter written by Ms. Dodson to Four Winds drivers which states that the company driver program in which Mr. Baker worked was being terminated at the behest of the parent company, Thor. (Pls.' Combined Resp.Ex.

21.) Ms. Dodson explained in her deposition that the decision to end the employee driver program was actually made solely for Four Winds, but that Ms. Dodson blamed "corporate" for the decision in order to deflect responsibility for the fact that several employees would lose their jobs. (Dodson Dep. at 28.) Nevertheless, resolving all factual disputes in favor of Plaintiffs, the Court accepts as true that Thor made the decision to terminate the employee driver program. Even if Thor did end the employee driver program, that fact does not bring into dispute the substantial evidence in the record that Thor exercised no control over Four Winds' hiring and termination decisions, and took no part in the decision to hire Mr. Baker. In light of the uncontroverted evidence that Thor was not involved in Four Winds' day-to-day operations, Plaintiffs have failed to establish a prima facie case that Thor independently had minimum contacts with Wyoming based on its control of the aspect of Four Winds' operations causing Plaintiffs' injuries. To conclude otherwise would go well beyond resolving factual disputes in favor of Plaintiffs, and would instead allow idle speculation to triumph over concrete evidence.

### 2. Personal Jurisdiction Over Thor as the Alter Ego of Four Winds

 Even where a parent corporation does not, by itself, have minimum contacts with the forum state, it can nevertheless be subject to personal jurisdiction if it is the alter ego of a subsidiary that does have such contacts. *See PanAmerican Mineral Servs., Inc. v. KLS Enviro Resources, Inc.,* 916 P.2d 986, 990 (Wyo.1996). In determining whether a parent corporation is subject to personal jurisdiction as the alter ego of its subsidiary, Wyoming courts apply the same standards for piercing the corporate veil as are applied under that doctrine outside the personal jurisdiction context. *See PanAmerican,* 916 P.2d at 990 (citing *Amfac Mechanical Supply Co. v. Federer,* 645 P.2d 73 (Wyo.1982) (outlining standards for piercing the corporate veil under

Wyoming law)). Thus, Thor can be subjected to personal jurisdiction for the acts of Four Winds within the forum provided that Plaintiffs can make a prima facie showing that the corporate veil could be pierced under Wyoming law. A court applying the doctrine of piercing the corporate veil must begin with the general rule that a corporation is a separate legal entity from its owners. *See Atlas Constr. Co. v. Slater,* 746 P.2d 352, 355 (Wyo.1987). This general rule holds true for a parent company, which "is entitled to the same legal separation from its subsidiary, as well as resulting protection from liability, that any individual shareholder enjoys with respect to a corporation in which stock is held." *Fiscus,* 773 P.2d at 160. On the other hand, in certain limited circumstances, "furtherance of public policy or the ends of justice" warrant disregard of corporate separateness, *Opal Mercantile v. Tamblyn,* 616 P.2d 776, 778 (Wyo.1980), which disregard is known as "piercing the corporate veil." "For a corporation to be accorded treatment as a separate entity, it must exist and function as such and not be the alter ego of the person owning and controlling it and cannot be used or ignored just to fit the convenience of the individual." *Amfac,* 645 P.2d 73, 79 (Wyo.1982). However,

> [b]efore the corporate veil can be pierced, the evidence must demonstrate that "the corporation is not only influenced and governed by 'a particular' person, but that there is such a unity of interest and ownership that the individuality, or separateness, of 'such' person and corporation has ceased; 'and' that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice."

*Jackson Hole Traders, Inc. v. Joseph,* 931 P.2d 244, 251 (Wyo.1997) (quoting *Minifie v. Rowley,* 187 Cal. 481, 202 P. 673, 676 (1921)). In the context of a parent corporation and its subsidiary, unity of ownership and interlocking directorates, standing alone, are not a sufficient basis upon which

to pierce the corporate veil. Rather, a parent corporation and its subsidiary "are treated as separate and distinct legal persons even though the parent owns all the shares in the subsidiary and the two enterprises have identical directors and officers. Such control, after all, is no more than a normal consequence of controlling share ownership." *Atlas,* 746 P.2d at 355–56 (quoting H. Henn and J. Alexander, *Laws of Corporations,* § 148 (1983)). Beyond mere unity of ownership, Wyoming law requires "a higher showing of unfairness and disregard the separate identities only where doing so will 'prevent fraud, injustice, or wrong.'" *McCulloch Gas Transmission Co. v. Kansas–Nebraska Natural Gas Co.,* 768 F.2d 1199, 1201 (quoting *Wyoming Constr. Co. v. Western Cas. & Sur. Co.,* 275 F.2d 97, 103 (10th Cir.1960)); *see also Langdon v. Lutheran Brotherhood,* 625 P.2d 209, 213 (Wyo.1981) (corporate veil is pierced only where the failure to do so will " 'defeat public convenience, justify wrong, protect fraud, or defend crime.' ") (quoting 1 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 41, at 166 (Rev.Vol.1974)).

Examples justifying piercing the corporate veil include a controlling shareholder's diversion of corporate assets for his own benefit, and to the detriment of creditors. *See Yost v. Harpel Oil Co.,* 674 P.2d 712, 717–19. Likewise, "[a]n obvious inadequacy of capital, measured by the nature and magnitude of the corporate undertaking" militates strongly in favor of piercing the corporate veil. *Amfac,* 645 P.2d at 79. On the other hand, "the general proposition that it would be unfair and unjust to allow 'the parent corporation' to control its subsidiaries and not stand accountable" is not a sufficient basis upon which to pierce the corporate veil. *See McCulloch,* 768 F.2d at 1201.

■ In the present case, there is no dispute that Four Winds has adequate insurance coverage and assets to cover any judgment likely to be rendered against it. Plaintiffs present no allegations or evidence that injustice or unfairness would result unless corporate separateness is dis-

regarded. Under such circumstances, the corporate veil cannot be pierced and Thor cannot be subjected to personal jurisdiction based on the activities of its subsidiary.

### Conclusion

Plaintiffs have failed to make a prima facie showing that Thor has sufficient minimum contacts with Wyoming to establish personal jurisdiction, either through its control of Four Winds or as Four Winds' alter ego. Therefore, the Court lacks personal jurisdiction over Thor and all of Plaintiffs' claims against Thor are **DISMISSED WITHOUT PREJUDICE.**